Opinion of the Court—Belcher, J.

[No. 3,397.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JAMES HAUN.

MURDER DEFINED.—The term murder has but one meaning in California, and that is, the unlawful killing of a human being with malice aforethought, either express or implied.

IDEM—STATUTORY CONSTRUCTION.—The Act of 1856, dividing the crime of murder into two degrees, and prescribing imprisonment as the punishment for murder in the second degree, did not make murder in the second degree less or other than murder.

NO LIMITATION TO THE TIME FOR THE PROSECUTION OF MURDER.—As against the crime of murder, whether of the first or second degree, there is no limitation of time within which a prosecution may be commenced.

ORDER OF ARGUMENT.—In a criminal case it is competent for the District Court to require the counsel for the defendant to open, and the counsel for the prosecution to close the argument to the jury. The Court need not state any reasons for such a ruling.

FAILURE TO GIVE INSTRUCTIONS NOT ASKED FOR.—Where a party, in a criminal case, fails to ask the Court to give instructions to the jury upon a particular point, he cannot complain of error on the part of the Court in not giving the instructions.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

The facts are stated in the opinion.

*Moore, Laine & Leib,* for Appellant.

*John L. Love, Attorney General,* for Respondents.

By the Court, BELCHER, J.:

On the 20th of February, 1872, the defendant was indicted for the crime of murder, alleged to have been committed in the killing of one Thomas Walker, in Santa Clara County, on the 23d day of June, 1867. At the trial it was proved that the defendant committed the homicide at the time named in the indictment, and fled to another part of the State, where he remained until shortly before the find-

ing of the indictment. The defendant was found guilty of murder in the second degree and adjudged to suffer imprisonment in the State Prison for a term of years.

It is claimed that since more than three years elapsed between the commission of the homicide and the finding of the indictment, during all of which time the defendant was within the State, the offense of which he was found guilty was barred by the statute, and the judgment should, for that reason, be reversed.

Sections ninety-six and ninety-seven of the Criminal Practice Act are as follows: "There shall be no limitation of time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

"An indictment for any other felony than murder must be found within three years after its commission."

Murder is defined by our statute to be "the unlawful killing of a human being, with malice aforethought, either express or implied."

Until 1856 the punishment awarded to any person convicted of the crime of murder in this State was death. In that year the Legislature amended the statute by dividing the crime of murder into two degrees, for one of which it prescribed the punishment of death, and for the other imprisonment in the State Prison.

In making this division the Legislature recognized the fact that some murders, comprehended within the general definition, are of a less cruel and aggravated character than others, and, therefore, deserving of less punishment. It also recognized the fact that some murders of the less aggravated class are deserving of less punishment than others of the same class, and it accordingly provided that murders of the second degree should be punished by terms of imprison-

ment, depending for their length upon the circumstances of each particular case. In all this, however, the Legislature did not intend to say, and did not say, that murder of the second degree should be anything less or other than murder. It did not, indeed, attempt to define murder anew, but only to draw certain lines of distinction by which it might be told in a particular case whether the crime was of such a cruel and aggravated character as to deserve the extreme penalty of the law, or of a less aggravated character, deserving a less severe punishment.

But as against the crime of murder there is no limitation of time within which a prosecution may be commenced.

It is said, however, that the words "any other felony than murder" ought to be constructed to mean any other felony than murder in the first degree, because,

1. When a term has two meanings, differing in degree merely, it is to be understood in the larger sense, unless clearly restricted to a narrower sense.

2. Whenever a word in a criminal statute can be construed in two different ways, that construction should be adopted which is most favorable to the prisoner.

3. When the Act in which these words are found was passed all murders were punishable by death.

The argument is faulty in several respects:

First—The term "murder" has not two meanings, nor can it be construed in the sense of the rules invoked in two different ways. It means simply, as it has always meant in this State, the unlawful killing of a human being, with malice aforethought, either express or implied.

Second—It puts too much stress upon the mere measure or kind of punishment denounced against the criminal act. There is no crime, it is true, unless there be some act or omission forbidden by law, and to which is annexed, upon conviction, some punishment. But whether that punishment be death or imprisonment in the State Prison is im-

material for the purpose of determining the character of the crime. Larceny would be no more than larceny if it were punishable by death, and murder would be no less than murder if it were in all cases punishable only by imprisonment.

Third—It erroneously makes the ninety-seventh section of the Criminal Practice Act read that all felonies, with but one exception, shall be barred in three years. The section does not except from its operation one felony or two felonies, but murder.

Fourth—There is no warrant for the assumption that murder of the first degree fills the full measure of the definition of murder. It is clear that there may be many murders not committed by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, or premeditated killing, or in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary.

Fifth—The logic is not sound which asserts that because rape or robbery *may* be punished by imprisonment for life, and murder in the second degree *may* be punished by imprisonment for only ten years, therefore the Legislature never could have intended that the first should be barred in three years and the last not barred at all. The question is not to be solved in this way. As well might it be argued that because a promissory note for five dollars *may* run for four years, therefore it could not have been intended that an account for a thousand dollars should be barred in any less time.

. It is conceded that no murder was barred by lapse of time prior to the amendment of 1856. That amendment made no change, except in the measure of punishment. Whatever, was murder before was murder after the amendment was passed. There has been no new Statute of Limitations. It must follow, therefore, that as against the crime of mur-

der, whether of the first or second degree, there is no limitation of time within which a prosecution may be commenced.

There was no error in the order requiring counsel for defendant to open, and allowing counsel for the prosecution to close the argument to the jury. The rule adopted was fully in accord with the rule laid down by this Court in *People* v. *Fair*, 43 Cal. 137. Nor was the Court required to state any reasons for adopting the rule. It was a matter within the discretion of the Court, and the contrary not appearing, it will be presumed to have exercised its discretion wisely.

The only other point made is that the Court erred in not instructing the jury in reference to the law of manslaughter. The defendant admitted the killing, and claimed that it was justifiable homicide, committed in necessary self-defense. We do not see how a verdict of manslaughter could have been found from the evidence, but if counsel thought otherwise, they should have asked for specific instructions upon the subject. No such instructions were asked, and we fail to see that there was any error in the respect named.

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT expressed an opinion.