El Pueblo *v.* Boria.

Apelación procedente de la Corte de Distrito de San Juan.

No. 34.—Resuelto en marzo 8, 1907.

Acusación—Sus Requisitos.—Una acusación es suficiente si contiene los requisitos á que se refieren los artículos 71 y 82 del Código de Enjuiciamiento Criminal.

Id.—Grado de Delito.—La determinación del grado del delito no es función

propia del fiscal, pero si éste especificare el grado en la acusación, no por eso adolecerá dicha acusación de un defecto ó vicio que la anule, pues el jurado puede aceptar, ó nó, el grado del delito fijado en ella, según el resultado de las pruebas practicadas en el juicio.

INSTRUCCIONES DE LA CORTE.—No incurre en error el juez que en sus instrucciones al jurado hace comentarios acerca de la gravedad del delito, considerado en sí mismo y por su propia naturaleza, sin relacionar esa gravedad del hecho criminal con el acusado á quien se imputa su comisión.

ID.—Si el juez no diere instrucciones al jurado sobre algunos puntos determinados que el acusado estimare esenciales, ó si las diere en forma defectuosa ó incompleta, el acusado puede solicitar tales instrucciones ó su ampliación, en la forma que fuere procedente, ó puede proponerlas por escrito al tribunal y si fueran rechazadas, podrá discutirse su procedencia en apelación; mas si el acusado aceptare las instrucciones de la corte, no podrá impugnarlas después por deficientes é incompletas.

ID.—El tribunal estima que las siguientes instrucciones revelan la más absoluta imparcialidad por parte del juez y que no revelan prejuicios en contra del acusado, ni sugestión al jurado para agravar su situación, quedando su destino en la causa sometido á la consideración libre del jurado.

Tal es la prueba que váis á examinar. Tal es la prueba que váis á juzgar con independiente criterio, absolutamente independiente. Vosotros sois hombres expertos conocedores de estos casos. No actuáis ninguno de vosotros por primera vez. Estáis en condiciones, por lo tanto, de apreciar perfecta y cumplidamente la prueba, y de rendir el veredicto que proceda en justicia.

Si vosotros, examinando toda esa prueba á que se ha referido la corte, y la que pudiera haber involuntariamente omitido y que recordaréis perfectamente, si vosotros, examinando en conciencia, toda la prueba practicada, encontráis que ella no aporta elementos para llegar á la culpabilidad del acusado; si sujetando esa prueba al crisol de vuestro examen llegais á la conclusión de que este hombre es inocente, si ese es el mandato de vuestras conciencias, ese mandato debe reflejarse en el veredicto que dictéis declarando á este acusado no culpable.

Si en vuestras conciencias de hombres honrados existe duda acerca de la culpabilidad de este acusado, duda razonable y fundada, no la duda vaga que pueda surgir en vuestras conciencias temerosos de cargarlas de alguna responsabilidad, sino la duda que surge en los hombres de moderado valor, de espíritu sereno, es vuestro deber rendir un veredicto de no culpable.

Pero, señores del jurado, si vosotros creéis del examen que hagáis de la prueba, que hay elementos suficientes para llegar á la culpabilidad de este acusado; si vosotros creéis que real y efectivamente este hombre vivía en aquel rincón apartado de Loíza, á orillas del mar, apoderándose de lo que no le pertenecía, y cuando aquella situación termina, á virtud de una vigilancia honrada, siente nacer rencor en el interior de su alma contra el vigilante; si creéis que este sentimiento de rencor se agranda y llega á haber disgustos entre ellos; y si vosotros creéis que á consecuencia de tales disgustos este hombre delibera, medita, piensa en quitar la vida á aquella otra persona, á aquel Zaquí que se encontrada en la finca, y al efecto se arma y en una noche alevosamente clava su machete ó puñal en el pecho de su víctima y le causa la muerte; si creéis que eso está probado, y que después, para no

dejar rastro, esconde la ropa y cava una fosa y en ella deposita el cuerpo
de su víctima; si creéis vosotros, los jueces de hecho, si creéis más allá de
toda duda razonable, que eso es cierto, entonces es vuestro deber dictar un
veredicto de culpabilidad.

ID.—OMISIÓN DE LA DECLARACIÓN DE UN TESTIGO EN LAS INSTRUCCIONES—VERE-
DICTO.—La circunstancia de que el juez omitiera la declaración de un testigo
al hacer el resumen de la prueba, no es motivo suficiente para anular el
veredicto, si tal omisión no fué alegada en tiempo, á fin de que pudiera sub-
sanarse, y especialmente si el juez instruye al jurado que para llegar á un
veredicto, examine toda la prueba practicada, no sólo la que había referido,
sino aquélla que involuntariamente hubiera omitido.

APELACIÓN — PRUEBAS — RELACIÓN DE HECHOS — VEREDICTO CONTRARIO Á LAS
PRUEBAS.—La alegación de que el veredicto es contrario á las pruebas no
podrá discutirse en la apelación, si las pruebas practicadas en el juicio no se
hubieren consignado en una relación de hechos.

ASESINATO EN PRIMER GRADO.—Dar muerte ilegal á un ser humano, con malicia
premeditada y expresa y con deliberada intención, constituye asesinato en
primer grado.

Abogado del apelante: *Sr. Méndez Vaz.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El presente es un recurso de apelación interpuesto por el
acusado Pedro Boria López, contra sentencia dictada por la
Corte de Distrito del Distrito Judicial de San Juan en causa
de asesinato en primer grado.

Dió origen al juicio la siguiente acta de acusación:

"Estados Unidos de América.—El presidente de los E. E. U. U. ss.
En el nombre y por la autoridad de El Pueblo de Puerto Rico.
*El Pueblo de Puerto Rico* v. *Pedro Boria.* En la Corte de Distrito
de San Juan á 26 de abril de 1905. El fiscal formula acusación con-
tra Pedro Boria por el delito de asesinato en primer grado, *(felony)*
cometido como sigue:

Que allá, el día 12 de febrero de 1905, en el distrito judicial de
San Juan, el dicho Pedro Boria, allí y entonces, ilegalmente con mali-
cia premeditada y expresa y con deliberada intención, mató á Zaca-
rías Hardín (a) "*Zaquí,*" valiéndose para ello de una arma blanca,
con la que le infirió varias heridas que ocasionaron la muerte del ci-
tado Zararías Hardín.

"Este hecho es contrario á la ley para tal caso prevista y á la paz y
dignidad de El Pueblo de Puerto Rico.—(Firmado) Luis Campillo,
Fiscal del distrito.

"La acusación que antecede está basada en el testimonio de testigos examinados por mí, bajo juramento, creyendo solamente que existe justa causa para presentarla al tribunal. (Firmado) Luis Campillo, Fiscal del distrito.

"Jurada y firmada ante mí hoy 28 de abril de 1905.—(Firmado) José E. Figueras, Secretario del Tribunal de Distrito de San Juan."

El acusado negó la acusación en 29 de abril citado y solicitó juicio por jurado.

Celebróse el juicio en 8 de marzo de 1906 ante el jurado que al efecto se constituyó, y éste después de oir la lectura de la acusación, la alegación del acusado de no ser culpable, la prueba de cargo, la declaración de un testigo de defensa, los informes de los abogados de las partes y las instrucciones del juez sobre las cuestiones de derecho atinentes al caso, formuló su veredicto en los siguientes términos:

"Nosotros, los del jurado, declaramos á Pedro Boria López culpable del delito de asesinato en primer grado que se le imputa.—San Juan, Puerto Rico, 8 de marzo de 1906.—El Presidente, (Firmado) Eugenio T. Iglesias."

En vista del anterior veredicto la corte declaró al acusado Pedro Boria López, culpable del delito de asesinato en primer grado y señaló el día catorce del propio marzo, para el pronunciamiento de la sentencia.

En ese día compareció el acusado en persona y por medio de su abogado, presentó moción escrita, solicitando la concesión de un nuevo juicio, por ser el veredicto contrario á derecho y á las pruebas, moción que fué denegada, habiéndose dictado, en su virtud, sentencia por la que Pedro Boria López fué condenado á la pena de muerte que se ejecutará, colgándole por el cuello hasta que haya expirado.

Contra esa sentencia interpuso el abogado recurso de apelación, para cuya decisión, ha venido ante esta Corte Suprema el correspondiente récord, comprensivo del acta de acusación, acta de *arraignment,* instrucciones de la corte al jurado firmadas por el juez, veredicto del jurado, fallo de convicción,

moción solicitando nuevo juicio, resolución denegatoria de esa moción, sentencia pronunciada y escrito de apelación, sin que haya pliego de excepciones ni exposición de hechos, habiendo sí un acta en que se consigna de modo sucinto lo actuado en el juicio.

No compareció ante esta Corte Suprema abogado alguno en representación del acusado para sostener el recurso, y fué designado de oficio para que llevara su defensa el Letrado Don Luis Méndez Vaz, quien al efecto ha presentado el correspondiente alegato escrito.

Los motivos legales en que la representación del acusado funda el recurso son los siguientes:

"Primero. Que la acusación fiscal no está formulada de acuerdo con las prescripciones de los artículos 71 y 72 del Código de Enjuiciamiento Criminal, pues lejos de limitarse aquella á una exposición de los actos constitutivos del delito, entra á calificar el grado del mismo cuya función radica única y exclusivamente en el jurado, según el precepto del artículo 284 del Código citado, ejerciendo dicha calificación tal influencia en el ánimo del jurado que éste en su veredicto declaró al acusado culpable del delito de asesinato en primer grado, imputádole en la acusación.

"Segundo. Que existe en la acusación una manifiesta contradicción, pues en su encabezamiento se dice que Pedro Boria es acusado del delito de asesinato en primer grado, y de los hechos expuestos como constitutivos de dicho delito se desprende, que caso de tratarse de un asesinato, éste lo es en segundo grado.

"Tercero. Que las instrucciones dadas por el juez al jurado, no fueron tan imparciales como la ley previene, pues el juez las comenzó, calificando de horrendo el crimen que se investigaba, y bajo la consideración de que el delito perseguido era un asesinato en primer grado se extendió en largas consideraciones sobre ese extremo, concluyendo por dar someras noticias al jurado sobre lo que es un asesinato en segundo grado y un homicidio, con la particularidad de que las instrucciones dadas para establecer una distinción entre el asesinato en primer grado y el del segundo grado son tan deficientes y están expresadas en tal forma que con ellas, no solo podían confundirse los jurados, sino también las personas versadas en la ciencia del derecho penal.

"Cuarto. Que la parcialidad del juez en sus instrucciones al jurado se nota también al practicar el análisis de la evidencia, pues la ley requiere que se haga un resumen de las pruebas tal y como han sido practicadas ante el jurado, dejando á éste la libre apreciación de las mismas, sin que para demostrar imparcialidad sea bastante indicar esa apreciación en forma condicional como se hizo por el juez.

"Quinto. Que el juez al hacer el resumen de las pruebas omitió en absoluto el resultado de la declaración del testigo de la defensa prestada en el juicio, según se afirma en el acta que ha venido en el récord.

"Sexto. Que el juez dió al jurado explicaciones sobre el asesinato en segundo grado, porque, según dijo, el jurado podía declarar al acusado culpable de un delito necesariamente comprendido en la acusación, cuando debió haber explicado á los jurados la libérrima facultad que tenían de fijar el grado del delito, lo que tampoco hizo al finalizar sus instrucciones, pues sólo les manifestó que debían rendir un veredicto de inocencia ó de culpabilidad, sin hablarles para nada del grado del mismo.

"Séptimo. Que la corte inferior cometió error de derecho al desestimar la petición del acusado para un nuevo juicio, puesto que el jurado pronunció veredicto, declarando á Boria culpable del delito de asesinato en primer grado que el fiscal le imputaba, y tal delito en la forma en que aparece de la acusación era, á lo sumo, un asesinato en segundo grado."

Examinadas las razones legales expuestas como fundamentos de recurso, somos de opinión que todas son de desestimarse, según vamos á demostrar.

La acusación fiscal se ajusta á los preceptos de los artículos 71 y 72 del Código de Enjuiciamiento Criminal, pues además de expresar el título de la acción consignando al efecto el nombre del tribunal ante el cual fué presentada y los nombres de las partes, contiene una relación de los actos constitutivos del delito en lenguaje conciso y corriente, y redactada de tal modo que cualquier persona de inteligencia común puede entenderla. Dicha acusación es suficiente con arreglo al artículo 82 del repetido Código.

Ciertamente que el artículo 284 prescribe que cuando hubiere que hacer distinción entre varios grados de culpabilidad

al apreciar un delito, al jurado incumbe determinar en caso de culpabilidad del reo el grado del delito cometido por éste; y por tanto la determinación de dicho grado no es función propia del fiscal; pero si éste determinare en la acusación el grado del delito, como sucede en el presente caso, no por eso adolece la acusación de un defecto ó vicio sustancial, toda vez que el jurado puede aceptar ó nó el grado del delito fijado en ella, según el resultado de las pruebas practicadas en el juicio.

Esa es doctrina establecida por la Corte Suprema de California en los siguientes casos:

*People* v. *King,* 27., Cal., 507; *People* v. *Nichol,* 31 Cal., 211.

La determinación del grado del delito hecha por el fiscal en el acta de acusación se ajusta á los hechos que esta relata sin que exista la contradicción alegada por la defensa, pues si Pedro Boria mató á Zacarías Hardín ilegalmente, con malicia premeditada y expresa y con deliberada intención, valiéndose para ello de un arma blanca con la que le produjo varias heridas que ocasionaron su muerte, es claro que cometió el delito de asesinato en primer grado, según el artículo 201 del Código Penal.

Las instrucciones dadas por el juez al jurado no pueden calificarse de parciales.

Ellas comenzaron así:

"Señores del jurado: Ya el debate entre las partes ha terminado y el horrendo crimen que se investiga va á quedar sometido á vuestra consideración y resolución, como árbitros únicos para decir la última palabra."

El horrendo crimen á que el juez se refiere es el descrito en la acusación, y las frases transcritas no contienen apreciación alguna sobre la existencia del mismo, según y como se relató por el fiscal. Esa apreciación quedó sometida á la consideración y resolución de los jurados, que el juez reconoce eran los llamados á decir su última palabra. El crimen en verdad era

horrendo, y al reconocerlo así el juez, no hizo más que publicar una verdad que se desprendía de los mismos términos de la acusación, sin que por ella pueda decirse que influyera en el ánimo del jurado para que declarara al reo culpable del delito imputádole.

Bien podemos aplicar al presente caso lo que ya dijo esta corte por medio del Juez Sr. Figueras, al resolver el recurso de apelación interpuesto por Felipe Robles en causa por asesinato en primer grado, cuyo recurso fué decidido en 25 de abril del año próximo pasado:

"El proceso en verdad que era grave toda vez que se juzgaba un hecho que dió por resultado privar de la vida á un hombre, y si el juez, dirigiéndose al jurado, reconoció esa gravedad no hizo más que publicar una verdad que seguramente estaba encarnada ya en la conciencia de los que habían de juzgar. Una cosa es reconocer la gravedad del proceso considerado en sí mismo por su propia naturaleza y con abstracción completa del autor del hecho criminal, y otra hubiera sido relacionar esa gravedad con el acusado, cosa que no resulta de esas instrucciones."

No importa que el juez instruyera más extensamente al jurado sobre el delito de asesinato en primer grado que sobre el asesinato en segundo grado y el homicidio.

Después de definir y explicar lo que es el asesinato en primer grado, concluyó así:

"En todos los demás casos, la muerte ilegal de un ser humáno con malicia y premeditación, constituye asesinato en segundo grado."

Tal definición es correcta, pues se ajusta al último inciso del artículo 201 del Código Penal.

En cuanto al delito de homicidio, leyó el juez el precepto de la ley ó sea el artículo 203 del Código Penal que lo define, ya que, según manifestó al jurado, podía declarar culpable al acusado de un delito necesariamente comprendido en el de la acusación.

El juez cumplió su deber en la forma en que lo estimó pro-

cedente. Si el acusado creyó que las instrucciones sobre el
asesinato en primer grado y sobre el homicidio eran defectuo-
sas y que no se marcaba bien la distinción entre el asesinato
en primer grado y el asesinato en segundo grado, pudo solici-
tar la ampliación de dichas instrucciones y hasta presentarlas
por escrito al tribunal para que fueran aprobadas ó denega-
das recayendo así á la providencia correspondiente que en el
caso de ser contraria á la pretensión del acusado, hubiera
podido ser materia del presente recurso; pero lejos de hacerlo
así, aceptó las instrucciones del juez y hoy esta Corte Suprema
no puede discutir en grado de apelación cuestiones que no
fueron traídas al debate judicial en la corte inferior. Así se
desprende de los artículos 266 y 300 del Código de Enjuicia-
miento Criminal.

Semejante doctrina ha sido ya establecida por esta Corte
Suprema en el.caso ya citado de *El Pueblo de Puerto Rico*
contra *Felipe Robles,* al citar la de la Corte Suprema de Ca-
lifornia en los siguientes casos:

*People* v. *Haun,* 44 Cal., 96.

*People* v. *Ah Wee,* 48 Cal., 236.

*People* v. *Fice,* 97 Cal., 459.

No hizo el juez apreciación alguna sobre el resultado de las
pruebas, y antes por el contrario las dejó á la libre considera-
ción del jurado, manifestando á éste que si daba crédito á las
declaraciones de tales ó cuales testigos podía llegar á la con-
clusión de que habían ocurrido tales ó cuales hechos. El ju-
rado, pues, estaba en libertad de apreciar esas declaraciones,
según los dictados de su conciencia y de colegir, en su conse-
cuencia, cuales eran los hechos probados, sin que pueda afir-
marse que obrara sugerido por el juez. Esa práctica no las-
tima los derechos del acusado, quien ha podido durante el
juicio impugnar la veracidad de los testigos en la forma pre-
venida por la ley.

El juez, después de haber hecho la relación de las pruebas,
concluyó sus instrucciones al jurado en los siguientes térmi-
nos:

"Tal es la prueba que váis á examinar. Tal es la prueba que váis á juzgar con independiente criterio, absolutamente independiente. Vosotros sois hombres expertos conocedores de estos casos. No actuáis ninguno de vosotros por primera vez. Estáis en condiciones, por lo tanto, de apreciar perfecta y cumplidamente la prueba y de rendir el veredicto que proceda en justicia.

"Si vosotros, examinando toda esa prueba á que se ha referido la corte y la que pudiera haber involuntariamente omitido y que recordaréis perfectamente, si vosotros, examinando en conciencia, toda la prueba practicada, encontráis que ella no aporta elementos para llegar á la culpabilidad del acusado; si sujetando esa prueba al crisol de vuestro examen, llegáis á la conclusión de que este hombre es inocente. si ese es el mandato de vuestras conciencias, ese mandato debe reflejarse en el veredicto que dictéis, declarando á este acusado no culpable.

"Si en vuestras conciencias de hombres honrados existe duda acerca de la culpabilidad de este acusado, duda razonable y fundada, no la duda vaga que puede surgir en vuestras conciencias temerosos de cargarlas de alguna responsabilidad, sino la duda que surge en los hombres de moderado valor, de espíritu sereno, es vuestro deber rendir un veredicto de no culpable.

"Pero, señores del jurado, si vosotros creéis del examen que hagáis de la prueba, que hay elementos suficientes para llegar á la culpabilidad de este acusado; si vosotros creéis que real y efectivamente este hombre vivía en aquel rincón apartado de Loiza, á orillas del mar, apoderándose de lo que no le pertenecía y cuando aquella situación termina, á virtud de una vigilancia honrada, siente nacer rencor en el interior de su alma contra el vigilante; si creéis que este sentimiento de rencor se agranda y llega á haber disgustos entre ellos; y si vosotros creéis que á consecuencia de tales disgustos, este hombre delibera, medita, piensa en quitar la vida á aquella otra persona, á aquel Zaquí que se encontraba en la finca, y al efecto, se arma, y en una noche alevosamente clava su machete ó puñal en el pecho de su víctima y le causa la muerte; si creéis que eso está probado y que después para no dejar rastro esconde la ropa y cava una fosa y en ella deposita el cuerpo de su víctima; si creéis, vosotros los jueces de hecho, si creéis más allá de toda duda razonable que eso es cierto, entonces es vuestro deber dictar un veredicto de culpabilidad.

"Con tales instrucciones el caso queda sometido á vuestra consideración y resolución."

Esas frases relevan la más absoluta imparcialidad por

parte del juez; no hay prejuicios en contra del acusado; no hay sugestión al jurado para agravar su situación; su destino en la causa queda sometido á la consideración libre del jurado.

No importa que el juez, al hacer el resumen de las pruebas, omitiera la declaración del testigo de la defensa prestada en el juicio, pues nosotros no sabemos si esa omisión fué importante ó no, toda vez que no ha venido á nosotros un pliego de exposición de hechos; pero fuera ó no importante, el jurado ante quien se prestó la tendría indudablemente en cuenta al pronunciar su veredicto y éste hoy no puede ser anulado por una omisión que no fué alegada en tiempo y en tiempo pudo subsanarse por el acusado, haciendo uso del derecho que le reconoce el Código de Enjuiciamiento Criminal.

Ya el juez manifestó al jurado que para llegar al veredicto examinara toda la prueba á que la corte se había referido y la que pudiera haber involuntariamente omitido y que recordaría perfectamente.

Las instrucciones del juez al jurado deben considerarse en su totalidad; y así apreciadas, demuestran que el juez, no solo instruyó al jurado de que podía declarar al reo inocente ó culpable, sino que también podía declararlo culpable de asesinato en primer grado, de asesinato en primer grado con circunstancias atenuantes, de asesinato en segundo grado y de homicidio.

Tan es así que el mismo juez consignó en sus instrucciones, que siendo como era facultad del jurado declarar á un individuo culpable de un delito necesariamente comprendido en el de la acusación, era un deber de la corte, al dar sus instrucciones, explicar también cuales eran en el presente caso los delitos comprendidos necesariamente en el acta de la acusación, y por esa razón, además de explicar lo que era un asesinato en primer grado, explicó también lo que era un asesinato en segundo grado y también un homicidio.

Por último, el veredicto del jurado no es contrario á las pruebas, pues éstas no han sido impugnadas en la forma cor-

respondiente ó sea mediante un escrito de exposición de he-
chos, y por tanto, debemos presumir que dicho veredicto se
ajustó al resultado de las mismas.

Siendo ello así, los hechos de la acusación quedaron demos-
trados en el juicio y esos hechos, repetimos, constituyen un
delito de asesinato en primer grado, por cuanto Pedro Boria
mató ilegalmente á Zacarías Hardín con malicia premeditada
y expresa y con deliberada intención, elementos todos inte-
grantes de un delito de asesinato en primer grado, que por
falta de circunstancias atenuantes, apareja la pena de muerte,
con arreglo al artículo 202 del Código Penal.

Por las razones expuestas, entendemos procede la confir-
mación de la sentencia apelada con las costas del recurso tam-
bién á cargo del apelante Pedro Boria.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asocia-
dos, Figueras, MacLeary y Wolf.