EL PUEBLO, DEMANDANTE Y APELADO, *v.* CONCEPCIÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por mutilación.

No. 1909.—Resuelto en mayo 11, 1922.

MUTILACIÓN—INSTRUCCIONES AL JURADO.—Cuando el acusado ha aceptado las instrucciones en la forma que fueron dadas, al no pedir que fueran ampliadas o que se dieran las instrucciones específicas que ahora echa de menos, no puede impugnarlas después por deficientes o incompletas. *El Pueblo* v. *Boria,* 12 D. P. R. 171; 16 Corpus Juris, págs. 1023, 1024, 1056.

ID.—ACOMETIMIENTO Y AGRESIÓN—GRADOS DEL DELITO—DUDA RAZONABLE SOBRE GRADO DEL DELITO.—Estando comprendido en el delito de mutilación el de acometimiento y agresión grave o simple siempre que se hubiera probado en el juicio que el agredido no ha quedado inutilizado en algún miembro·importante de su cuerpo, es errónea la negativa del juez a instruir al jurado de que en el caso de que tuviera duda razonable sobre si se ha cometido un delito de mutilación o de acometimiento y agresión grave diera el beneficio de la duda al acusado rindiendo un veredicto de culpabilidad por acometimiento y agresión grave.

ID.—MANIFESTACIONES DEL JUEZ AL JURADO SOBRE EL ESTADO DE LA HERIDA.— En el presente caso el juez dijo al jurado: ''Habéis podido examinar esa herida, vosotros habéis visto esa herida, la contracción que se ha producido por virtud de la cicatrización, ha originado como una especie de hendidura,'' *Se resolvió:* que siendo tales manifestaciones sustancialmente las mismas que expresó en su informe el perito médico, no pueden reputarse como la mera opinión del juez sobre un hecho, ni concluirse que causaran perjuicio al acusado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José R. Aponte.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Alega el apelante en este recurso que ha interpuesto contra sentencia que lo condenó por delito de mutilación que debe ser revocada porque la corte inferior erró en sus instrucciones al jurado en lo siguiente:

"(*a*) No dando instrucciones específicas sobre el delito de acometimiento y agresión grave y simple, toda vez que esta causa se sigue por mutilación por haberse desfigurado el rostro de una persona sin que se haya hecho mención en ningún momento en el juicio de que el agredido ha quedado inutilizado en algún miembro importante de su cuerpo.

"(*b*) Habiéndose negado a transmitir al jurado la instrucción pedida por el acusado respecto al beneficio a que tiene derecho sobre duda razonable en cuanto a los delitos de mutilación y acometimiento y agresión con circunstancias agravantes.

"(*c*) Habiendo informado al jurado asumiendo como hecho el de que 'la contracción que se ha producido por virtud de la cicatrización de la herida del ofendido en este juicio ha originado como una especie de hendidura,' hecho que no fué expresa ni tácitamente aceptado por el acusado, siendo fundamental en la causa pues tratándose de una mutilación por desfiguración del rostro, el jurado ha podido entender que esa especie de hendidura constituía la desfiguración."

Según la acusación contra el apelante la mutilación consistió en que hirió a Antonio Martínez "con una navaja, produciéndole una herida en la cara, lado derecho como de siete pulgadas, cuya herida deja indeleblemente marcada la cicatriz en el lesionado, dejándole el rostro desfigurado."

El juez dijo al jurado en sus instrucciones que si entendía que Martínez no ha quedado desfigurado en este caso el hecho quedaría circunscrito a los límites de un delito de acometimiento y agresión grave, si estimaban que la herida es grave. El juez no dió al jurado instrucciones específicas de lo que constituye el delito de acometimiento y agresión grave, pero habiendo el acusado aceptado las instrucciones en la forma que fueron dadas al no pedir que fueran ampliadas o que se

dieran las instrucciones específicas que ahora echa de menos
no puede impugnarlas después por deficientes o incompletas.
*El Pueblo* v. *Boria,* 12 D. P. R. 171; 16 *Corpus Juris,* págs.
1023, 1024, 1056.

Examinemos el segundo motivo del recurso. Al terminar
el juez su informe al jurado lo instruyó con respecto a lo
que es duda razonable y concluyó diciendo que si tenía duda
razonable de que el acusado haya inferido la herida esa duda
debe ser en beneficio del acusado y debe absolverlo; y ha-
biendo pedido el abogado del acusado que el juez instruyera
al jurado de que en el caso de que tuviera duda razonable
sobre si se ha cometido un delito de mutilación o de acometi-
miento y agresión grave diera el beneficio de la duda al acu-
sado rindiendo un veredicto de culpabilidad por acometi-
miento y agresión grave, el juez se negó a dar esa instrucción
fundándose en que había dado instrucciones al jurado sobre
duda razonable aplicable al caso de mutilación y porque el
delito de acometimiento y agresión grave no es grado del de
mutilación ni comprendido en el mismo.

Según el artículo 286 del Código de Enjuiciamiento Cri-
minal tal como ha sido enmendado por la Ley No. 22 de 11
de marzo de 1913, en una acusación por delito de mutilación
el jurado podrá declarar culpable al acusado de un delito de
acometimiento y agresión con circunstancias agravantes o
de acometimiento y agresión simple, siempre que se hubiera
probado en el juicio que el agredido no ha quedado inutili-
zado en algún miembro importante de su cuerpo, por lo que
el último fundamento de la negativa de la corte a dar la ins-
trucción pedida es erróneo, pero a pesar de esto no revoca-
ríamos por ello la sentencia porque en verdad la corte dijo
al jurado que podía dar veredicto por acometimiento y agre-
sión grave si estimaba que la herida es grave. No obstante,
como el otro fundamento es erróneo también y causó perjuicio
al acusado revocaremos la sentencia por no haber dado la
corte la instrucción pedida, pues disponiendo el artículo 237

del Código de Enjuiciamiento Criminal que cuando resulte que el acusado ha cometido un delito público y haya fundamento para la duda de si es culpable en dos o más grados, podrá ser convicto del más bajo de dichos grados solamente debió la corte haber dado al jurado la instrucción pedida de que en caso de duda en cuanto al grado del delito declarara al acusado convicto del más bajo, sin que la instrucción general que dió el juez al jurado con respecto a la duda razonable sobre la comisión de un delito por el acusado fuera suficiente para negar la específica que se le pidió y a la que tenía derecho de acuerdo con el artículo citado. Tal como se dió la instrucción por la corte la duda se refería únicamente a si el acusado había inferido la herida o no y no abarcaba el extremo a que se refiere la instrucción que fué pedida. 16 *Corpus Juris*, pág. 1025.

En cuanto al tercer motivo, si bien es cierto que la corte dijo al jurado lo siguiente: "Habéis podido examinar esa herida, vosotros habéis visto esa herida, la contracción que se ha producido por virtud de la cicatrización, ha originado como una especie de hendidura," tales palabras no eran la opinión del juez sobre un hecho, como sostiene el apelante, sino el resumen *mutatis mutandi* de la declaración de un perito médico según la cual "la herida no desaparecerá, es permanente, el rostro no se ve bien, queda desfigurado y es perenne, que queda una huella permanente, por la situación de la herida se ve desagradable su rostro." Además, y a pesar de esas palabras, la corte instruyó al jurado diciéndole: "Si vosotros entendéis que este hombre, Martínez, ha quedado desfigurado a consecuencia de esa herida, en el concepto que vosotros creáis que deba considerarse desfigurada una persona," con cuyas palabras dejó al jurado la determinación de si el perjudicado estaba o no desfigurado y por tanto aquellas otras palabras aunque no fueron exactamente iguales a las del médico, aunque sí sustancialmente, no causaron perjuicio al apelante.

El recurso se sostiene por el segundo de sus fundamentos y la sentencia apelada debe ser revocada y ordenarse la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.