El Pueblo de Puerto Rico, demandante y apelado, *v.* Alfredo Valentín, acusado y apelante.

No. 3102.—*Visto:* Marzo 15, 1927. *Resuelto:* Marzo 17, 1927.

1. Mutilación — De la Acusación — Su Suficiencia — Descripción de la Herida Inferida.—En una acusación por mutilación que alegue que el acusado con un machete dió una herida en el pie derecho de una persona determinada, mutilando e inutilizando en tal forma dicho miembro de su cuerpo no es necesario, a falta de excepción perentoria, hacer una indicación más definida en cuanto a la naturaleza de la herida.

2. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Estoppel o Impedimento para Levantar Error—Instrucciones Dadas al Jurado.— Cuando el acusado acepta las instrucciones en la forma en que son dadas al no pedir que sean ampliadas o que se den instrucciones específicas que luego echa de menos, no puede impugnarlas luego por deficientes e incompletas.

Sentencia de *Angel Acosta Quintero,* J. (Mayagüez), condenando al acusado por delito de Mutilación. *Confirmada.*

*Angel A. Vázquez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

[1] El apelante fué convicto de un delito de mutilación, y alega que la acusación no imputa tal delito. La acusación alega que el acusado, ilegal, voluntaria y maliciosamente, con un machete dió una herida en el pie derecho de Juan Ríos, mutilando e inutilizando en tal forma dicho miembro de su cuerpo. La objeción es que no se describe la herida ni se especifica la manera en que fué mutilado e inutilizado el miembro en cuestión. En ausencia de una excepción perentoria o de una cita de autoridades, nos vemos obligados a resolver que era innecesario hacer una indicación más definida en cuanto a la naturaleza de la herida, y que la manera en que el pie fué mutilado e inutilizado se desprende suficientemente de las palabras usadas.

[2] El segundo fundamento de la apelación no es tan claro. Envuelve la cuestión más bien vaga de que el juez sentenciador erró al instruir al jurado, y que por virtud de

las instrucciones dadas, el jurado se vió obligado a rendir un veredicto de culpabilidad por mutilación.

En su argumentación, el apelante indica que la corte se negó a instruir al jurado sobre acometimiento y agresión simple, según lo solicitó la defensa. Se alega además que la acusación no aduce hechos suficientes para sostener una convicción por acometimiento y agresión grave. La tercera alegación es que la corte dejó de decirle al jurado que en caso de duda en cuanto a la comisión por el acusado del delito mayor, podía ser convicto solamente por el delito menor. En apoyo de esta última contención se nos cita el artículo 237 del Código de Enjuiciamiento Criminal y el caso de *El Pueblo* v. *Concepción,* 30 D.P.R. 479.

No se pretende que hubiera evidencia alguna para justificar una imputación del delito de acometimiento y agresión simple, a no ser en lo que el apelante asume, sin tratar de probarlo, que un acometimiento con un machete no constituye acometimiento grave. Es cierto que la acusación no alega que el machete blandido por el acusado fuera un arma mortífera, pero el que lo fuera o no depende del modo en que se usó, y, en ausencia de una objeción oportuna, el acusado fué suficientemente informado a este respecto cuando se le dijo que con un machete, ilegal, voluntaria y maliciosamente había infligido una herida, la cual privó a un ser humano del uso de uno de los miembros principales de su cuerpo.

En el caso anteriormente mencionado, esta corte dijo:

"Según el artículo 286 del Código de Enjuiciamiento Criminal tal como ha sido enmendado por la Ley No. 22 de 11 de marzo de 1913, en una acusación por delito de mutilación el jurado podrá declarar culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes o de acometimiento y agresión simple, siempre que se hubiera aprobado en el juicio que el agredido no ha quedado inutilizado en algún miembro importante de su cuerpo, por lo que el último fundamento de la negativa de la corte a dar la instrucción pedida es errónea, pero a pesar de esto no revocaríamos

por ello la sentencia porque en verdad la corte dijo al jurado que podía dar veredicto por acometimiento y agresión grave si estimaba que la herida es grave.''

En el presente caso no hay indicación alguna de que el acusado solicitara la instrucción que fué denegada en el caso de *El Pueblo* v. *Concepción, supra,* o de que el acusado llamara la atención de la corte inferior a la omisión de que ahora se queja, o de que se anotara excepción a las instrucciones tal como fueron dadas.

De la opinión en el caso de *Concepción* hacemos el siguiente extracto:

''. . . . El juez no dió al jurado instrucciones específicas de lo que constituye el delito de acometimiento y agresión grave, pero habiendo el acusado aceptado las instrucciones en la forma que fueron dadas al no pedir que fueran ampliadas o que se dieran las instrucciones específicas que ahora echa de menos no puede impugnarlas después por deficientes o incompletas.''

*Debe confirmarse la sentencia apelada.*