EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS PEÑA RAMOS, acusado y apelante.

No. 3606.—*Sometido:* Enero 30, 1929. *Resuelto:* Julio 16, 1929.

*C. Iriarte* y *M. A. Martínez Dávila,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los tres primeros fundamentos de la presente apelación son, en síntesis, que la corte inferior erró al instruir al jurado respecto al significado de la frase "fondos públicos," según se usa en el artículo 372 del Código Penal, al instruir al jurado sobre los elementos del delito en cuestión, y al instruir al jurado sobre la duda razonable.

El juez de distrito manifestó al jurado que la frase "fondos públicos" había sido definida por el estatuto, y citó en su totalidad el artículo 375 del Código Penal. La objeción ahora levantada por el apelante es que la definición dada por el estatuto no es suficientemente clara, y que el juez sentenciador debió haber explicado al jurado el alcance y significado de la misma.

El apelante admite que lo que la corte inferior dijo acerca de los elementos constitutivos del delito era correcto.

La crítica que se hace es que el juez, a fin de evitar inducir a error al jurado, debió haber establecido líneas de demarcación definidas entre el delito de fraude al erario y otros delitos similares, como los de hurto, hurto de uso, y abuso de confianza.

La definición de lo que constituye duda razonable en las instrucciones al jurado es atacada sólo por el fundamento de que es incompleta. La teoría del apelante es que el juez sentenciador debió haber dicho al jurado que podía absolver al acusado si tenía cualquier duda razonable compatible con la prueba y con la inocencia del acusado. Esto, desde luego, equivale a invocar la regla familiar en los casos de evidencia circunstancial al efecto de que los hechos no sólo serán consistentes con la teoría de culpabilidad del acusado, sino que deberán excluir toda otra hipótesis razonable.

Al juez sentenciador no se le llamó la atención respecto a ninguna de estas cuestiones. No se anotó excepción alguna a las instrucciones tal como fueron dadas, ni se solicitaron instrucciones adicionales, no obstante una pregunta directa del juez respecto a si se deseaba algo más. Es dudoso, para decir lo menos, que se pudiera considerar como un error que diera lugar a la revocación de la sentencia, la negativa de exponer la regla sobre evidencia circunstancial, aun si la instrucción se hubiese solicitado.

No habiéndose anotado excepción durante el juicio, ni habiéndose solicitado instrucciones adicionales o especiales, las omisiones de menor importancia y defectos de las instrucciones según fueron dadas no pueden alegarse con éxito en apelación como motivo para revocar. *El Pueblo* v. *Boria,* 12 D.P.R. 170; *El Pueblo* v. *Llauger,* 14 D.P.R. 548; *El Pueblo* v. *Concepción,* 30 D.P.R. 479; y *El Pueblo* v. *Valentín,* 36 D.P.R. 425.

La cuarta y última contención del apelante es que la corte inferior erró al no ordenar al jurado que rindiera un veredicto absolutorio. No se le ocurrió al abogado que representó al acusado durante el juicio solicitar que se ordenara se trajera tal veredicto, y después de considerar cuidadosamente la argumentación contenida en el alegato del apelante, no podemos estar de acuerdo con la conclusión que de la evidencia en conjunto deriva el abogado respecto al deber del juez de distrito de ordenar que se rindiera un veredicto de inculpabilidad.

*Debe confirmarse la sentencia apelada.*