THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MATÍAS ORTIZ GONZÁLEZ, Defendant and Appellant.

No. 9921. Argued June 9, 1943.—Decided June 18, 1943.

*Víctor M. Marchán* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted of the crime of murder in the second degree and sentenced to fourteen years in the penitentiary at hard labor. He has appealed from that judgment. The evidence was conflicting. The testimony of the government tended to show that the deceased, Florencio Ocasio Hernández, on the night of November 30, 1940, was at a religious ceremony (*rosario cantado*) taking place at the house of Catalina Delgado, in the St Just Development, Las Cuevas Ward, within the city limits of Trujillo Alto. That

248

about 10 o'clock at night the appellant came to the said house and approached the deceased, tapped him on the shoulder and invited him to leave, because he had to talk to him. The deceased agreed, and followed him, but in a short time a lady who was coming to the prayer meeting, on arriving said that she had heard a disturbance in the road and a little afterwards three shots that seemed to come from a deep pit near that place. Two or three of the men that were at the house went toward the place indicated by the lady and before they arrived at the pit saw the deceased get up. The latter told them that he had just been wounded by the appellant. He was taken to the hospital and died soon thereafter as a consequence of the wounds he had received. One of the witnesses of the government, Gregorio Caraballo, testified without objection that some weeks before the event, the defendant, talking to him in the country, had told him that in that barrio he had had quarrels only with one of the Félix, probably referring to the deceased, who, he testified, was known as Florencio Félix; that he would like to take him to a place where, man to man, the deceased could kill him or he could kill the deceased without anybody knowing about it.

The proof of the appellant was to the effect that on the day of the events herein he left his job about 4 o'clock in the afternoon and instead of going home went to a meeting of carpenters which was taking place at Carolina. That when returning from Carolina about 9 o'clock at night, he came to the house in the development in front of which he left his automobile, where a dice game was going on in which he was invited to take part. That when the defendant had won about $2.50 from the deceased, the latter tried to grab the money and when the defendant resisted, the deceased threatened him. A little later on the same night the deceased went to the house of the defendant, and invited him to come out to talk to him. The deceased left, but first he got a revolver which he had in his house, and after arriving at

a certain place, the deceased with a weapon which he was carrying but which the defendant could not described exactly, gave him a blow which made him lose consciousness and made him fall. While the defendant was on the ground, the deceased jumped on him, striking him a number of times. The defendant also testified that the deceased beat him twice, once in the stomach and another time in the thigh, and that he also received other blows, but he presented no evidence that a doctor had seen or treated these wounds. That when the defendant saw that he was virtually dominated by the deceased, who was continuing to assault him, he took out the revolver that he was carrying in his back pocket and shot three times, in this manner getting rid of the deceased. After he had fired these shots, the defendant went home and went to bed, and was later awakened by the police.

 The appellant complains of the admission in evidence by the court of the testimony of Gregorio Caraballo as to the statements made by the defendant weeks before the crime. As previously noted, the defendant did not object or except to the admission of this testimony. This fact alone would be sufficient to dispose of the alleged error; but even if he had objected and excepted, the testimony was admissible to show motive and premeditation. The fact that the statement was made several weeks before the date of the crime does not make it so remote as to affect its admissibility as evidence. Once admitted, the weight to be given thereto was for the jury. The circumstance that the defendant, when making the admission herein, did not state with complete exactness the person to whom he was referring, does not affect its admissibility. According to Caraballo, the defendant said that the person to whom he was referring was one of the Félix, and the district attorney showed that the deceased was known as Florencio Félix and that he and his brother were called "the Félix." Here again it was for the jury to weigh the testimony, and if it believed it to be true,

to determine, in accordance with all the circumstances, if the person to whom he was referring was actually the deceased or not.

■■ The lower court likewise did not err in giving the jury instructions as to murder in the second degree. The information was for murder. The crime of murder is a single one. *People* v. *Haun*, 44 Cal. 96, 97. In view of the fact that the circumstances of the crime of murder sometimes show a difference in the degree of wickedness on the part of the defendant, the Code has properly divided the crime into two degrees, that is, murder in the first degree and murder in the second degree, punishing the first with the exclusive penalty of life imprisonment and the second with imprisonment in the penitentiary for not less than ten years and not more than 30 years. Since the crime is a single one, in a case involving an information for that crime it is proper to give instructions with reference to both degrees. In addition, §247 of the Code of Criminal Procedure provides as follows:

"Section 247.—Upon a trial for murder the commission of the homicide by the defendant being proved, the burden of proving circumstnaces of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter or that the defendant was justifiable or excusable."

In the present case the defendant was tried for the crime of murder. It was proved that the death was caused by the defendant and from the testimony of the government no circumstances appear to justify the reduction of the crime to voluntary manslaughter. This being so, in addition to what has already been said, the district judge had sufficient basis to give instructions for the crime of murder in the second degree.

■ The defendant contends that even assuming the truth of all the testimony which the jury had before it, the said testimony is compatible with some verdict other than murder

in the second degree. We assume that all the testimony which the jury had before it was compatible with some verdict other than murder in the second degree. However, this does not imply that instructions on this crime cannot be given if the proof in the case justifies it, although instructions can of course be given as to the other crimes, as we suppose the court did, although we cannot so state categorically, in view of the fact that the instructions to the jury are not in the record.

Finally, the appellant contends that the lower court erred in overruling the motion for a new trial. We have no jurisdiction to consider this alleged error, since the defendant took no appeal from the order overruling his motion for a new trial.

Since the district court committed no fundamental error requiring the reversal of the judgment, the judgment will be affirmed.

Mr. Chief Justice del Toro did not participate herein.