EL PUEBLO DE PUERTO RICO, demandante y apelado, v.
ANTONIO RODRÍGUEZ DAPENA, acusado y apelante

No. 2644.—*Visto:* Enero 29, 1926. *Resuelto:* Abril 30, 1926.

1. HOMICIDIO—JUICIO—INSTRUCCIONES—PROCESO POR ASESINATO—INSTRUCCIONES
REFERENTES AL DELITO DE HOMICIDIO.—Cuando un hombre después de rom-
per violentamente la puerta entra en una habitación y encuentra a su mujer,
de la cual estuvo separada muchos años, en una cama con otro hombre y
después de una lucha con éste mata a ambos, su mujer y el hombre, en el
juicio por el asesinato de la mujer es error el no instruir al jurado referente
a homicidio (*manslaughter*) aún cuando quiza haya prueba de premedita-
ción cuando los hechos finales no son inconsistentes con una muerte en oca-
sión de una súbita pendencia o arrebato de cólera.

2. HOMICIDIO—JUICIO—CUESTIONES PARA EL JURADO—RESOLUCIÓN, POR LA PRUEBA,
SI EL CASO ES DE ASESINATO U HOMICIDIO.—Aún cuando en juicio por ase-
sinato todos los hechos aparezcan prácticamente de una confesión, no obs-
tante es al jurado a quien corresponde resolver si el caso es uno de asesi-
nato o de homicidio.

SENTENCIA de *Enrique Lloreda*, J. (Arecibo), condenando al acu-
sado por delito de asesinato en segundo grado, con costas. *Re-
vocada y devuelto el caso.*

E. *Martínez Avilés*, abogado del apelante; *José E. Figueras*, abo-
gado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

[1, 2] En el juicio de esta causa siendo una acusación
por asesinato, fué admitida como prueba una confesión, la
cual es como sigue:

"En Arecibo, Puerto Rico, hoy día 20 de abril de 1925. Ante
mí, juez municipal de Arecibo, comparece Antonio Rodríguez Da-
pena, casado, de 28 años de edad, zapatero y vecino de Arecibo, P.
R. Fué por mí informado de la naturaleza del cargo que se le hace
de un doble asesinato, cometido a eso de las doce y veinticinco mi-
nutos de la noche en las personas de su esposa y su amante. Ad-
vertíle de su derecho de abstenerse de declarar y de que si lo hace
sus manifestaciones se podrán usar en su contra. Previo juramento
dice: Que soy casado con Angela Herrera desde el año diez y siete
(1917) y estoy separado de ella desde hacen tres años y seis meses.
Que ella estuvo viviendo en concubinato en San Juan tres años con
un hombre mientras estuvo separada de mí, y yo le presenté, hace
también tres años una demanda de divorcio que no prosperó por

falta de pruebas. Que el jueves de la semana pasada hablé con Angela Herrera para que ella misma presentara la demanda de divorcio. Le pregunté cuánto necesitaría y me dijo que treinta dólares; por lo que vendí algunas cosas y le dí los treinta dólares; pero hoy supe porque me lo contó una amiga que ella había gastado los treinta dólares en ropas y fiestas. Que esto me enfureció y esta noche fuí a llamarla como a las doce de la noche, pero no me contestó. Fuí entonces a mi casa, me eché el revólver con cinco balas al bolsillo y volví a la casa de Angela, tomándome varios palos de ron. Llegué a la casa ya con la intención de arreglar el asunto de los treinta dólares que le había dado a Angela Herrera, y abrí la puerta a la fuerza, empujándola hacia afuera y encontré a Angela con su amante acostados. Al verme entrar el amante de Angela se levantó y me agarró por el cuello y tumbó dos veces, pero me libré del hombre y le disparé tres tiros a ella, a la Angela Herrera, y entonces le disparé al hombre dos tiros y salí de la casa, y tiré el revólver dentro del río Santiago, presentándome aquí.

"Que esto ocurrió como a las doce y veinte y cinco minutos, hoy, en esta madrugada, y presto esta declaración libremente, de mi espontánea voluntad. (Fdo.) Antonio Rodríguez Dapena. Jurada y suscrita ante mí, hoy día 20 de abril de 1925 a la una y media de la madrugada. Fdo. Francisco Cadilla, juez municipal de Arecibo."

Hubo muy poca otra prueba importante con relación al punto en particular para ser discutida. Después de un juicio en que se probó haber matado a su esposa, según la acusación, aunque se pidió a la corte que lo hiciera, se negó a instruir al jurado respecto al homicidio, por la teoría de que de acuerdo con los hechos no había ninguna razón para dar tal instrucción.

El artículo 203 del Código Penal prescribe:

"Homicidio es dar muerte ilegal a un ser humano sin que medie malicia. Es de dos clases:

"1.—Voluntario: cuando ocurre con ocasión de una súbita pendencia o arrebato de cólera.

"2.—Involuntario: cuando ocurre al realizarse un acto ilegal, que no constituyere delito grave (felony); o al realizarse un acto legal que pudiere ocasionar muerte en forma ilegal, o sin la debida prudencia o circunspección."

Dados los hechos, era de la incumbencia del jurado el

decir si la muerte ilegal tuvo lugar en una súbita pendencia, o arrebato de cólera. A pesar del hecho de que el acusado vino armado y muy enfurecido a la casa de su esposa correspondía al jurado resolver si la muerte fué producida por un arrebato de cólera. El dejar de instruir al jurado acerca del homicidio fué un error y el fiscal está conforme con esta conclusión. El caso de *El Pueblo* v. *Crespo* 21 D.P.R. 300, guarda cierta relación con los hechos de este caso, aunque en ese caso ninguno de los hechos reales de la muerte era conocido.

Otros muchos errores fueron imputados. Estos o tenían poca importancia, o pueden fácilmente evitarse en un nuevo juicio. En vista del error discutido, *debe revocarse la sentencia apelada y devolverse la causa a la corte inferior para la celebración de un nuevo juicio.*