EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SAÚL TUFIÑO CRUZ, acusado y apelante.

*Número:* CR-67-94      *Resuelto:* 6 de junio de 1968

*Enrique Miranda Merced, E. Armstrong de Watlington* y *Julio García Antique,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Juan José Ríos Martínez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Acusado y convicto del delito de robo, Saúl Tufiño Cruz apunta que el tribunal de instancia erró (1) al impartir sus instrucciones relacionadas con la declaración de un cómplice; (2) al negarse a comunicar al jurado una instrucción sobre acometimiento y agresión; y (3) al condenar al apelante a base de prueba incierta, dudosa e insuficiente.

Como el segundo error fue cometido y en tal virtud debemos revocar la sentencia dictada en este caso, resulta innecesario considerar los otros apuntamientos aducidos por el apelante.

Aparece de la prueba que Meléndez fue agredido con los puños al extremo de ser lanzado al pavimento, en el curso de extraerle el apelante de un bolsillo del pantalón un billete de cinco dólares y otro de un dólar y que en su testimonio el apelante admitió la agresión pero negó la sustracción del dinero. Procedía que el tribunal accediese a la solicitud de que se impartiese una instrucción al jurado sobre el delito de acometimiento y agresión. *Pueblo* v. *Del Valle,* 91 D.P.R.

174, 180 (1964). La versión de los hechos que se desprende del testimonio del apelante fue que él y sus acompañantes, al salir del bar se encontraron a Meléndez tirado en la carretera y que al tratar de sacarlo de allí para evitar que lo estropeara un vehículo Meléndez le habló mal y dijo que lo dejaran allí; que como le habló mal y le mentó la madre, el apelante le dio a Meléndez. Testificó que "le tiré porque me sentí ofendido por las palabras que me dijo."

Al finalizar de leer el tribunal sus instrucciones, el récord demuestra lo siguiente:

"La Defensa: Sr. Juez, nosotros quisiéramos llamar la atención al tribunal, no lo trajimos . . .

La Corte: ¿Cómo?

La Defensa: Que no lo trajimos por escrito una solicitud porque entendemos haber . . .

La Corte: ¿Cuál es?

La Defensa: Que dicha instrucción sobre acometimiento y agresión . . .

La Corte: Sin lugar. No procede. A mi juicio no procede."

Arguye el Procurador General que el apelante no presentó por escrito la instrucción que sugería y no objetó la determinación del tribunal de instancia denegándola, ni expresó "claramente los motivos de impugnación o de su solicitud" como lo dispone la Regla Núm. 137 de las de Procedimiento Criminal y, por lo tanto, quedó impedido de señalar como error la omisión de la referida instrucción. No tiene razón.

■ La referida Regla Núm. 137 no exige, mandatoriamente, que la solicitud para una instrucción se someta por escrito. (¹) Por el contrario, la Regla contempla que se puede solicitar verbalmente al disponer que:

---

(¹) En cuanto a solicitudes de instrucción por escrito, la Regla 137, *supra* dispone que:

". . . Cualquiera de las partes podrá presentar al tribunal una petición escrita de que se den determinadas instrucciones, al terminar el desfile de la prueba, o anteriormente si el tribunal razonablemente así lo ordena."

". . . Ninguna de las partes podrá señalar como error cualquiera porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud. Se le proveerá oportunidad para formular éstas fuera de la presencia del jurado."

■ Aun cuando no se presente en forma adecuada una solicitud de instrucción, deberá incluirse la sustancia de su pedido en las instrucciones impartidas siempre y cuando que lo solicitado sea propio y pertinente y no haya sido cubierto previamente en las instrucciones. *State* v. *Glaros*, 173 N.E. 2d 146, 152 (Ohio 1961). Desde luego que lo más conveniente es que esas sugerencias se sometan por escrito. Pero a falta de una exigencia en ese sentido, y no siendo mandatorio ese requisito, las solicitudes orales son suficientes, si el tribunal es informado del punto en cuestión. Así se ha interpretado la Regla 30 de las de Procedimiento Criminal Federal, similar a nuestra Regla Núm. 137. *Hull* v. *United States*, 324 F.2d 817 (5th Cir. 1963); *Dunn* v. *United States*, 318 F.2d 89 (5th Cir. 1963).

■ La Regla 137, *supra*, dispone que al acusado se le proveerá la oportunidad de formular los motivos de su impugnación o de su solicitud, fuera de la presencia del jurado. Entendemos esto como que una vez que el acusado solicita una instrucción al tribunal o impugna las impartidas, será deber del tribunal darle una oportunidad para que fundamente su solicitud o impugnación. En el caso de autos esta oportunidad se le negó de plano.

Pero, aun cuando el estatuto contuviera una disposición exigiendo que las instrucciones sugeridas se sometan por escrito, dicho estatuto no sería aplicable a aquellos en que el juez deniegue una solicitud de instrucciones sobre cuestiones fundamentales de la defensa. *Monts* v. *State*, 379 S.W.2d 34 (Tenn. 1964).

Dijimos en *Pueblo* v. *Burgos*, 76 D.P.R. 199, 202 (1954), que:

"En el reciente caso de *Pueblo* v. *Méndez*, 74 D.P.R. 913, enfatizamos la importancia de las instrucciones que el juez debe transmitir al jurado. Las instrucciones, además de cubrir todos los elementos del delito envuelto, deben también cubrir, si la prueba lo justifica, los elementos de delitos inferiores al delito imputado o comprendidos dentro de éste. *Pueblo* v. *Fernández*, 49 D.P.R. 586; *Pueblo* v. *Nieves*, 57 D.P.R. 784; *Pueblo* v. *Rodríguez Dapena*, 35 D.P.R. 431. Asimismo deben cubrir las instrucciones, siempre que la prueba lo justifique, los elementos esenciales de las defensas levantadas por el acusado. *Pueblo* v. *Villanueva*, 49 D.P.R. 63. En sus instrucciones al jurado, el juez debe incluir todos los puntos de derecho que, bajo cualquier teoría razonable, puedan estar envueltos en las deliberaciones. Véase, Fricke, *Instructing the Jury in Criminal Cases* y casos citados, CALJIC (California Jury Instructions Criminal), pág. XXXIX. Cualquier defensa ofrecida por el acusado y sostenida por alguna prueba pertinente que levante una cuestión de hechos que le sea favorable debe ser objeto de una instrucción que exponga ampliamente la ley aplicable a dicha cuestión. *Stevenson* v. *United States*, 162 U.S. 313; *Pueblo* v. *Galarza*, 71 D.P.R. 557; 41 C.J.S. 147, Sección 368; *Hale* v. *Commonwealth*, 183 S.E. 180; *Crockett* v. *Commonwealth*, 47 S.E.2d 377.

Aunque la prueba de defensa sea débil, inconsistente o de dudosa credibilidad, el acusado tiene derecho a que su teoría sea presentada al jurado mediante instrucciones apropiadas. 26 Am. Jur. 513, Sección 515; *Pueblo* v. *Fernández,* supra; *Pueblo* v. *Calderón,* 50 D.P.R. 336."

Interpretando el Art. 266 del viejo Código de Enjuiciamiento Criminal que es sustancialmente igual a la actual Regla 137, este Tribunal se manifestó así:

"Si el juez no diere instrucciones al jurado sobre algunos puntos determinados que el acusado estimare esenciales, o si los diere en forma defectuosa o incompleta, el acusado puede solicitar tales instrucciones o su ampliación, en la forma que fuere procedente, o puede proponerlas por escrito al Tribunal, y si fueran rechazadas podrá discutirse su procedencia en apelación." *Pueblo* v. *Boria,* 12 D.P.R. 170 (1907).

█ De lo expuesto resulta evidente, pues, que es norma aceptada que a petición de parte el tribunal debe instruir al jurado sobre toda cuestión pertinente sobre la que exista en autos alguna prueba que lo justifique. El hecho de que esa evidencia no sea del todo creíble, no autoriza la negativa a una instrucción sobre tal aspecto. No importa lo increíble que parezca la prueba del acusado éste tiene derecho a una instrucción basada en su prueba ante la posibilidad de que sea creída por el jurado. Es el deber del tribunal instruir al jurado sobre todo delito que esté incluido en el imputado y que la evidencia tienda a probar. Constituye error perjudicial no instruir al jurado en ese sentido de forma que aun cuando el acusado no solicite la instrucción en la forma adecuada, o no la solicite en forma alguna, dicho acusado no está impedido de señalar la omisión o la negativa a darla, en apelación. *People* v. *Lewis*, 9 Cal. Rptr. 263 (Cal. 1961).[2]

█ En vista de lo expuesto, concluimos que constituyó error perjudicial el haber denegado la instrucción solicitada sobre acometimiento y agresión. La prueba presentada justificaba tal instrucción y así lo admite el Procurador General. *Por lo tanto, se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de Humacao, en 1ro. de noviembre de 1965, y se devolverá el mismo a dicho tribunal para nuevo juicio.*

---

[2] El Art. 1127 del Código Penal de California es similar a nuestra Regla 137.