EL PUEBLO DE PUERTO RICO, apelado, *v.* GERMÁN BONILLA ORTIZ, acusado y apelante.

Número: CR-88-6      Resuelto: 17 de marzo de 1989

*Norberto Colón Rodríguez*, abogado del apelante; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Miriam Álvarez Archilla* y *Carlos M. Vergne Vargas, Procuradores Generales Auxiliares*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El apelante Germán Bonilla Ortiz solicita la revisión de una sentencia de diez (10) años de reclusión que le fuera impuesta por el Tribunal Superior de Puerto Rico, Sala de Ponce, luego de que el Jurado que intervino en el proceso como juzgador de los hechos rindiera un veredicto de culpabilidad por el delito imputado de tentativa de asesinato. En el recurso de apelación que radicara le imputa al tribunal de instancia, como único señalamiento, haber errado:

> ... al no dar al jurado instrucciones sobre el delito de agresión agravada en sus dos (2) modalidades, privando así al acusado a

su derecho de que todas las cuestiones de hecho fueran decididas por los jueces de hecho constituyendo ello una violación al derecho a juicio por jurado que tiene el acusado. Alegato del acusado-apelante, pág. 6.

Le asiste la razón al apelante. Procede la revocación de la sentencia apelada y devolver el caso al foro de instancia para la celebración de un nuevo proceso. Veamos por qué.

## I

Como correctamente expresa el Procurador General de Puerto Rico en su alegato, los hechos básicos del caso no están en controversia. La prueba de cargo fue a los efectos de que en la mañana de 24 de abril de 1987 el perjudicado Ernesto Calderón Figueroa fue agredido en el pueblo de Villalba por el apelante Bonilla Ortiz, quien le propinó dos (2) fuertes golpes en el área de la cabeza con un "bate de jugar pelota". La gravedad de las heridas recibidas por Calderón Figueroa con motivo de la referida agresión tampoco está en controversia. Dicho ciudadano sufrió una fractura en la base del cráneo, teniendo que ser recluido durante un período de cinco (5) días en una institución hospitalaria del área de Ponce, Puerto Rico.

El apelante testificó en su propia defensa. Aceptó haber agredido con el bate a Calderón Figueroa. Adujo que lo agredió debido al temor que tuvo en ese momento de que iba a ser atacado por el perjudicado con motivo de unas diferencias que habían tenido como consecuencia de unos comentarios, de tipo racista, que Calderón Figueroa había hecho con anterioridad a ese momento y en ese día en específico. A esos efectos, declaró el apelante que "le dió [sic] porque temió ser atacado por el perjudicado. *Que cuando lo vió* [sic] *caer, no le siguió dando en el piso* .... Que cuando lo vió [sic] en el piso *él se retiró del perjudicado* ...". (Énfasis suplido.)[1]

---

[1] Exposición narrativa de la prueba, pág. 6.

██ Terminado el desfile de la prueba, y luego de que los abogados de las partes hubieran consumido sus respectivos turnos de informes al Jurado, la representación legal del apelante solicitó del tribunal sentenciador que, conforme lo dispuesto por la Regla 137 de Procedimiento Criminal,[2] instruyera a los señores del Jurado sobre el delito de tentativa de homicidio, el de agresión agravada en sus dos (2) modalidades y sobre defensa propia. El tribunal de instancia accedió a transmitir al Jurado las instrucciones sobre el delito de tentativa de homicidio y defensa propia; negó la instrucción solicitada sobre el delito de agresión agravada.

## II

██ La Constitución del Estado Libre Asociado de Puerto Rico garantiza el derecho a juicio por jurado a toda persona que, como el aquí apelante, sea acusada de la comi-

---

[2] *"REGLA 137. JUICIO; INSTRUCCIONES*
"Terminados los informes, el tribunal deberá instruir al jurado haciendo un resumen de la evidencia y exponiendo todas las cuestiones de derecho necesarias para la información del jurado. Por estipulación de las partes, hecha inmediatamente antes de empezar las instrucciones y aprobada por el tribunal, se podrá omitir hacer el resumen de la evidencia. Todas las instrucciones serán verbales a menos que las partes consintieren otra cosa. *Cualquiera de las partes podrá presentar al tribunal una petición escrita de que se den determinadas instrucciones, al terminar el desfile de la prueba, o anteriormente si el tribunal razonablemente así lo ordena.* Deberá servirse copia de dicha petición a la parte contraria. El tribunal podrá aceptar o rechazar cualquiera o todas dichas peticiones, anotando debidamente su decisión en cada una, e informará a las partes de su decisión antes de que éstas informen al jurado. Ninguna de las partes podrá señalar como error cualquier porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud. Se le proveerá oportunidad para formular éstas fuera de la presencia del jurado. El tribunal procederá entonces a resolver la cuestión, haciendo constar su resolución en el expediente o trasmitiendo cualquier instrucción adicional que estimare pertinente. Al terminar las instrucciones el tribunal nombrará al presidente del jurado y ordenará que el jurado se retire a deliberar. *En sus deliberaciones y veredicto el jurado vendrá obligado a aceptar y aplicar la ley según la exponga el tribunal en sus instrucciones."* (Énfasis suplido.) 34 L.P.R.A. Ap. II.

sión de un delito grave.(3) Dentro de este esquema, el Jurado actúa como el "juzgador de los hechos". Ello significa que es el Jurado el que determina no sólo si el imputado es culpable o inocente, sino que también el delito, o grado del mismo, por el cual éste debe responder. *Pueblo v. Cruz Correa*, 121 D.P.R. 270 (1988).

Para que el Jurado pueda desempeñar y llevar a cabo tan delicada función, los miembros del mismo —que de ordinario son completamente legos en la materia— *deben ser instruidos adecuadamente sobre el derecho aplicable por el magistrado que preside el proceso*. Este Tribunal ha establecido, como principio rector en materia de instrucciones al Jurado, que:

> Nuestro ordenamiento tiene como principio rector que las instrucciones al jurado deben cubrir, *si la prueba lo justifica*, no sólo los elementos de delitos inferiores al delito imputado o comprendido dentro de éste, sino también los elementos esenciales de las defensas levantadas por el acusado, así como los puntos de derecho que *bajo cualquier teoría razonable* pueden estar presentes en las deliberaciones, *aunque la prueba de defensa sea débil, inconsistente o de dudosa credibilidad. Pueblo v. Prados García*, 99 D.P.R. 384 (1970); *Pueblo v. Tufiño Cruz*, 96 D.P.R. 225 (1968); *Pueblo v. Burgos*, 76 D.P.R. 199 (1954); *Pueblo v. Serbiá*, 75 D.P.R. 394 (1953); *Pueblo v. Méndez*, 74 D.P.R. 913 (1953); *Pueblo v. Galarza*, 71 D.P.R. 557 (1950). Ello es así *porque corresponde al jurado y no al tribunal* rendir un veredicto conforme a la ley y los hechos del caso, *según aquél aquilate la prueba y determine los hechos*. (Énfasis suplido.)(4)

## III

Conforme las disposiciones de los Arts. 26 y 82 del Código Penal, 33 L.P.R.A. secs. 3121 y 4001, comete el delito

---

(3) Véase Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1.

(4) *Pueblo v. González Colón*, 110 D.P.R. 812, 815 (1981).

de tentativa de asesinato aquel que "realiza acciones o incurre en omisiones inequívocamente dirigidas a" causar la muerte, con malicia premeditada, de un ser humano. Por otro lado, es culpable del delito de agresión "toda persona que empleare fuerza o violencia contra otra para causarle daño" a ésta. Art. 94 del Código Penal, 33 L.P.R.A. sec. 4031.

██ El Art. 95 del referido Código Penal[5] —luego de la enmienda que sufriera en 1983—[6] contempla la agresión agravada en dos (2) modalidades, esto es, como delito *menos grave* y como delito *grave*. Dicho Art. 95 establece que:

> *La agresión se considera agravada* aparejando pena de reclusión por un término que no excederá de seis (6) meses o multa máxima de quinientos (500) dólares o ambas penas a discreción del tribunal, si se cometiere con la concurrencia de cualquiera de las siguientes circunstancias:
>
> (a) Cuando se cometa en la persona de un funcionario público en el cumplimiento de sus deberes, o como consecuencia de éstos, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho que la persona agredida era un funcionario público o en su presencia.
>
> (b) Cuando se cometiere en un tribunal de justicia o en cualquier sitio dedicado al culto o a las prácticas religiosas o en algún lugar donde se hallaren reunidas varias personas con fines lícitos.
>
> (c) Cuando se cometiere por una persona robusta en la de un anciano o decrépito.
>
> (d) Cuando se cometiere por un varón adulto en la persona de una mujer o niño, o por una mujer adulta en la de un niño menor de 16 años de edad.
>
> (e) *Cuando se cometiere con la intención de inferir grave daño corporal.*
>
> (f) Cuando se cometiere por un funcionario público so color de autoridad y sin causa legítima.

---

[5] 33 L.P.R.A. sec. 4032.

[6] Ley Núm. 10 de 16 de septiembre de 1983 (1983 Leyes de Puerto Rico 388).

(g) Cuando se cometiere por una o más personas haciendo uso de ventaja indebida.

*Se considerará la agresión agravada como delito grave aparejando pena de reclusión por un término fijo de 3 años:*

(a) Cuando la persona entre en la morada de una persona y cometiere allí la agresión.

(b) *Cuando se infiere grave daño corporal a la persona agredida.*

(c) *Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar.*

De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de dos (2) años.

El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión establecida, o ambas penas. (Énfasis suplido.) 33 L.P.R.A. sec. 4032.

Debe mantenerse presente, por otro lado, que la "diferencia básica" entre el delito de "agresión" y el de tentativa de asesinato radica en la "intención" con que se cometen los hechos imputados —esto es, en el primero sólo hay la "intención de causar daño", mientras que en el segundo se requiere la "intención de matar"— y que el delito de agresión está comprendido dentro del delito mayor de tentativa de asesinato. Véase *Pueblo v. Montoya Montoya*, 95 D.P.R. 703, 706, 707 (1968).

## IV

A la luz de todo lo anteriormente reseñado, somos del criterio que resulta claro que en el presente caso el tribunal de instancia venía en la obligación de transmitir a los señores del Jurado la instrucción solicitada por la defensa sobre el delito de agresión agravada en las dos (2) modalidades que contempla el referido Art. 95 del Código Penal.

No existe prueba en el récord que demuestre que el apelante "verbalizara" la intención con que cometió los hechos. Siendo ello así, y constituyendo la "intención" un estado sub-

jetivo, el Jurado venía en la obligación y necesidad de *inferir* de los hechos que determinara probada la "intención" con que éste actuó. No hay duda que ese "juzgador" podía, *como una de las alternativas*, llegar a la conclusión de que el apelante efectivamente había tenido la intención de matar al perjudicado. Ello podía ser inferido del hecho de que utilizó un bate —el cual puede ser considerado en estas circunstancias como un "arma mortífera", *Pueblo v. Rodríguez Ocaña*, 88 D.P.R. 335, 338 (1963)— y de que le golpeó en dos (2) ocasiones en un área vulnerable del cuerpo, como lo es la cabeza de un ser humano.

Por otro lado, ese juzgador de los hechos podía, *como otra alternativa igualmente válida*, descartar que el apelante actuó impulsado por la intención de matar al perjudicado —basado, entre otros, en el hecho de que tan pronto éste cayó al suelo el apelante inmediatamente dejó de golpearlo, retirándose de su lado— y resolver que era culpable del delito de agresión agravada en cualquiera de sus dos (2) modalidades.[7]

No sabemos a qué conclusión nosotros, como juzgadores de los hechos en instancia, hubiéramos llegado. *Sí sabemos, sin embargo, que esa decisión le correspondía a ese juzgador de los hechos una vez fuera correctamente instruido sobre el derecho aplicable por el juez que presidió el proceso.* La determinación de si la prueba presentada demuestra o no la comisión de determinado delito —lo cual es una "cuestión de hecho"— compete exclusivamente al juzgador de los hechos. El magistrado que rehusa impartir al Jurado las instrucciones *que la prueba presentada justifica brindar* no sólo usurpa la función de dicho juzgador de he-

---

(7) Esto es, en la modalidad de *menos* grave si era que entendía probado el inciso (e) en dicha modalidad, o en la de delito *grave* si consideraba establecidos cualquiera, o los dos, de los incisos (b) y (c) de la referida modalidad.

chos, *sino que causa una innecesaria erogación de fondos públicos y dilación en la solución de los casos,* ya que su actuación de ordinario acarrea la anulación de los procedimientos habidos y la consiguiente celebración de un nuevo juicio.

El presente caso constituye un ejemplo de ello. La situación aquí claramente requería que se instruyera al Jurado sobre el delito de agresión agravada en sus dos (2) modalidades, irrespectivamente de cuán débil fuera la prueba presentada a esos efectos. *Pueblo v. González Colón,* 110 D.P.R. 812, 815 (1981).

Por las razones antes expresadas, *procede revocar la sentencia emitida en el presente caso por el Tribunal Superior de Puerto Rico, Sala de Ponce, y devolver el mismo a dicho foro para la celebración de un nuevo juicio.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.

