EL PUEBLO DE PUERTO RICO, apelado, *v.* PETER LORIO ORMSBY y WILDIE SÁNCHEZ PÉREZ, acusados y apelantes.

*Número:* CR-89-34      *Resuelto:* 13 de diciembre de 1994

*Carlos M. Del Campo Alomar*, abogado de los apelantes; *Norma Cotti Cruz, Subprocuradora General*, y *Ricardo Alegría Pons, Procurador General Auxiliar*, abogados de El Pueblo.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

# I

## *Los hechos*

Los apelantes Peter Lorio Ormsby y Wildie Sánchez Pérez fueron acusados de dos (2) violaciones, cada uno, al Art. 401(a)(1) de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 L.P.R.A. sec. 2401(a)(1). La apelante Sánchez Pérez fue acusada, además, de violar el Art. 179 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4285.([1]) Se les imputó a los apelantes el poseer, con la intención de distribuir, las sustancias controladas conocidas por heroína y marihuana. Los daños imputados a la apelante Sánchez Pérez consistieron en que, alegadamente, le rompió varias cadenas al agente que la arrestó.

Una vez seleccionado el Jurado, dio inicio el juicio contra los apelantes. La prueba de cargo estableció que el 28 de mayo de 1991, mientras se encontraba patrullando en un vehículo oficial no rotulado y en compañía de otros agentes, el agente David Romero Bonilla intervino con los apelantes, en horas de la tarde, en la playa Texidor del barrio Jauca de Santa Isabel. El agente observó al apelante Lorio Ormsby fumando públicamente un cigarrillo de marihuana. Luego de un forcejeo, lo arrestó y le ocupó el cigarrillo.

---

([1]) El Art. 401(a)(1) de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 L.P.R.A. sec. 2401(a)(1), establece:

"(a) Excepto en la forma autorizada en est[a Ley], será ilegal el que cualquier persona, a sabiendas o intencionalmente:

"(1) Fabrique, distribuya, dispense, transporte u oculte, o posea con la intención de fabricar, distribuir, dispensar, transportar u ocultar una sustancia controlada."

Por su parte, el Art. 179 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4285, dispone:

"Toda persona que destruyere, inutilizare, alterare, hiciere desaparecer o de cualquier modo dañare un bien mueble o inmueble ajeno, será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares, o ambas penas a discreción del tribunal."

En ese momento, la apelante Sánchez Pérez se levantó del lugar donde se hallaba y, cuando el agente Romero Bonilla le dijo que estaba bajo arresto, se abalanzó sobre él y, mientras forcejeaban, le rompió unas gafas y varias cadenas, así como otras prendas. Finalmente, los agentes la pusieron bajo arresto.

El agente Romero Bonilla observó, entre el asiento y la puerta abierta de un vehículo marca Pontiac, color verde, que estaba en el lugar, una bolsa plástica que contenía envolturas blancas en forma de cigarrillos. Vio, además, cerca del asiento donde estaba sentada la apelante Sánchez Pérez, una bolsa plástica transparente que tenía en su interior varias envolturas de papel aluminio rojo en forma de "decks". La evidencia así ocupada resultó ser diez (10) cigarrillos de marihuana, una (1) colilla de cigarrillo de marihuana y nueve (9) "decks" de heroína.[2]

Durante el contrainterrogatorio del agente Romero Bonilla, la defensa le preguntó si consideraba que los ".30mgs." de heroína ocupada era una dosis relativamente pequeña.[3] El agente contestó que no sabía. A insistencia de la defensa aceptó que en el mercado dicha cantidad no tendría un valor superior a los doscientos dólares ($200).

La defensa presentó una prueba abundante dirigida a desvirtuar la prueba de cargo. El Sr. Mario Ortiz Molina, técnico del Departamento de Servicios contra la Adicción (en adelante el Departamento), indicó que hacía unos doce (12) o trece (13) años que trabajaba como consejero y técnico de tratamiento psicosocial para el Departamento. Éste ofrece servicios a personas que confrontan problemas de adicción a drogas, especialmente heroína, además de marihuana y cocaína. A los clientes se les practican pruebas

---

[2] La defensa y el Ministerio Público estipularon el informe pericial de sustancias controladas certificado por el químico del Instituto de Ciencias Forenses, no así la evidencia ocupada.

[3] De la exposición narrativa de la prueba surge que la dosis de heroína ocupada ascendía a .30 miligramos. E.N.P., pág. 11. Del Informe Pericial de Sustancias Controladas se desprende que la cantidad ocupada fue de .33 gramos.

de orina para verificar el tipo de sustancia que utilizan o han utilizado. Declaró que un mismo cliente ha dado positivo, en una misma muestra de orina, a más de un tipo de sustancias controladas. Señaló que tiene clientes que son usuarios de más de un tipo de sustancias controladas a la vez. Informó que "el perfil del adicto en Puerto Rico es que son usuarios de más de un tipo de drogas, que usan heroína, cocaína y además fuman marihuana". A preguntas del fiscal contestó que no puede decirse que "siempre" un adicto use más de un solo tipo.

Luego del desfile de la prueba, las partes rindieron sus informes y el juez impartió las instrucciones al Jurado. La defensa le solicitó al juez que impartiera instrucciones adicionales referentes a la modalidad de posesión de sustancias controladas; petición que fue denegada.

Así las cosas, el Jurado encontró a los acusados culpables de los delitos imputados. Fueron condenados a cumplir la pena de diez (10) años de presidio por cada uno de los delitos de posesión de sustancias controladas con intención de distribuirlas. A la apelante se le condenó, además, a la pena de seis (6) meses de cárcel por el delito de daños. Las penas se impusieron concurrentes entre sí.

Inconformes, los acusados comparecieron ante nos mediante escrito de apelación. Entre otros errores, alegaron que incidió el tribunal de instancia al negarse a impartir instrucciones al Jurado sobre la modalidad de posesión de sustancias controladas a pesar de ser "un delito menor, comprendido en el delito imputado". Alegaron, además, que la prueba fue insuficiente para sostener la culpabilidad de los acusados más allá de duda razonable y que el juzgador de los hechos se equivocó en su apreciación de la prueba.[4]

---

[4] Debido al resultado a que llegamos, al considerar estos errores —sexto y séptimo, octavo y noveno, respectivamente— resulta innecesario considerar los restantes errores, los cuales podemos resumir de la forma siguiente: (1) los primeros cuatro (4) señalamientos imputan error al tribunal de instancia al negarse a permitir que la defensa utilizara el expediente profesional del agente Romero Bonilla para

## II

*Las instrucciones al Jurado*

Los apelantes alegan que erró el tribunal de instancia al negarse a impartir las instrucciones al Jurado sobre el delito de posesión de sustancias controladas a pesar de tratarse de un delito menor incluido dentro del delito imputado de poseer, con intención de distribuir, marihuana y heroína.

En reiteradas ocasiones nos hemos expresado en torno a la importancia de las instrucciones que el juez debe transmitir al Jurado. En casos como el de autos, nuestro esquema constitucional garantiza que toda persona, que así lo desee, sea juzgada por un Jurado compuesto por sus pares. Son éstos los llamados a aquilatar la prueba desfilada y, a base de ella, rendir el veredicto. "Para que el Jurado pueda desempeñar y llevar a cabo tan delicada función, los miembros del mismo —que, de ordinario, son completamente legos en la materia— *deben ser instruidos adecuadamente sobre el derecho aplicable por el magistrado que preside el proceso.*" (Énfasis en el original.) *Pueblo v. Bonilla Ortiz*, 123 D.P.R. 434, 439 (1989).

Las instrucciones impartidas deben incluir no sólo los elementos del delito o los delitos imputados sino, además, cuando la prueba así lo justifique, los elementos de delitos inferiores al imputado o comprendidos dentro de éste. *Pueblo v. Gagot Mangual*, 96 D.P.R. 625, 626 (1968); *Pueblo v. Tufiño Cruz*, 96 D.P.R. 225, 228 (1968); *Pueblo v. Burgos*, 76 D.P.R. 199, 201 (1954). "Aunque la prueba de

---

impugnarlo por sus actuaciones como miembro de la Policía, y alegan los acusados que esto procedía pues, durante el interrogatorio directo del fiscal, el agente habló sobre su experiencia en la Policía lo que llevó al juzgador de hechos a darle mayor veracidad a la declaración del agente; (2) el quinto señalamiento de error se dirige a establecer la falta de confiabilidad de la cadena de custodia, y (3) el décimo señalamiento de error plantea que el testimonio del agente Romero Bonilla fue estereotipado, carente de toda veracidad.

defensa sea débil, inconsistente o de dudosa credibilidad, el acusado tiene derecho a que su teoría sea presentada al [J]urado mediante [las] instrucciones apropiadas." *Pueblo v. Burgos*, supra, págs. 202–203.

En el caso de autos, luego de que el juez impartió las instrucciones al Jurado, la defensa solicitó que impartiera instrucciones adicionales referentes al delito de posesión de sustancias controladas. Regla 137 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. La defensa argumentó que le correspondía a ese Cuerpo dirimir si encontraba a los acusados culpables del delito de posesión únicamente o de posesión con intención de distribuir las sustancias controladas. El tribunal de instancia denegó la petición de la defensa y no impartió las instrucciones solicitadas. Erró al así hacerlo. Como ya señaláramos, la defensa le preguntó al agente Romero Bonilla, principal testigo de cargo, si la heroína ocupada, ".30 mgs.", era una dosis relativamente pequeña. Éste indicó que no sabía pero, a insistencias del abogado, aceptó que no tendría un valor en el mercado de más de doscientos dólares ($200). A los acusados les ocuparon, además, diez (10) cigarrillos de marihuana y una (1) colilla de cigarrillo de marihuana. Como parte de la prueba de descargo, la defensa presentó, además, al Sr. Mario Ortiz Molina, consejero y técnico de tratamiento psicosocial, adscrito al Departamento de Servicios contra la Adicción. Entre otras cosas, declaró que el perfil de la mayoría de los adictos a sustancias controladas es que son usuarios de más de un tipo de drogas a la vez.

■ Ciertamente el delito de "posesión" de sustancias controladas está incluido dentro del delito mayor de "posesión con intención de distribuir" dichas sustancias. *Fuentes Morales v. Tribunal Superior*, 102 D.P.R. 705, 708 (1974). La cantidad de sustancias controladas ocupadas a los apelantes no era lo suficientemente grande como para inferir, sin más y con exclusión de otros delitos, la intención de distribuir. Regla 10(H) de Evidencia, 32 L.P.R.A. Ap. IV;

*Pueblo v. Batista Maldonado*, 100 D.P.R. 936, 940 (1972); *Pueblo v. Picó Vidal*, 99 D.P.R. 708, 711–713 (1971). Por la cantidad ocupada es posible que se configurara, únicamente, el delito de posesión. *Cf. Pueblo v. Rosa Burgos*, 103 D.P.R. 478 (1975). Es necesario señalar, también, que no estamos ante el típico caso de distribución en el que el agente encubierto "compra" al acusado las sustancias controladas o, como parte de un proceso investigativo, lo observa llevar a cabo transacciones de venta y distribución de estas sustancias.

No tenemos la menor duda de que, a base de la prueba desfilada y con arreglo a la norma de derecho aquí expuesta, era meritorio que el juez impartiera la instrucción al Jurado sobre el delito de posesión de sustancias controladas. *Pueblo v. Burgos*, supra. Es al Jurado a quien le corresponde decidir si le da crédito o no a la prueba desfilada. No puede el juez usurpar esta función. *Pueblo v. Bonilla Ortiz*, supra; *Pueblo v. Fernández*, 49 D.P.R. 586 (1936).

El error cometido por el tribunal a quo, al negarse a impartir la instrucción solicitada, es perjudicial y viola la garantía fundamental de un juicio justo. Ello amerita que se revoquen las sentencias apeladas en los casos de violación a la Ley de Sustancias Controladas de Puerto Rico y se ordene la celebración de un nuevo juicio. *Pueblo v. González Colón*, 110 D.P.R. 812, 817 (1981).

## III

*La suficiencia y apreciación de la prueba*

Debido al resultado alcanzado con la discusión del error sobre las instrucciones al Jurado, no es necesario que, en relación con los delitos imputados bajo la Ley de Sustancias Controladas de Puerto Rico, pasemos a discutir el error referente a la suficiencia y apreciación de la prueba.

■ En cuanto al delito de daños imputado a la apelante Sánchez Pérez, Art. 179 del Código Penal, *supra,* de los errores señalados el único que se dirige a cuestionar la determinación hecha sobre éste, es precisamente el de la suficiencia y apreciación de la prueba. Un análisis detallado y desapasionado de la exposición narrativa de la prueba nos lleva a concluir que la prueba fue suficiente en derecho para sostener la convicción por dicho delito. Además, la apelante no nos ha convencido de que el juzgador de los hechos, quien está en mejor posición al respecto, haya incurrido en pasión, prejucio, parcialidad o error manifiesto al aquilatar la prueba desfilada. Por lo tanto, no intervendremos con dicha apreciación. *Pueblo v. Hernández Mercado,* 126 D.P.R. 427 (1990); *Pueblo v. Torres Ramos,* 121 D.P.R. 747, 751–752 (1988); *Pueblo v. Acabá Raíces,* 118 D.P.R. 369, 375–376 (1987); *Pueblo v. Lebrón González,* 113 D.P.R. 81, 105 (1982).

A la luz de lo antes expuesto, *se dictará sentencia para revocar las sentencias apeladas emitidas por el Tribunal Superior, Sala de Ponce, el 31 de marzo de 1989, mediante las cuales se condenó a los apelantes Lorio Ormsby y Sánchez Pérez por las violaciones a la Ley de Sustancias Controladas de Puerto Rico, y se devuelve el caso para que, respecto a estos delitos, se celebre un nuevo juicio. La sentencia apelada mediante la cual se condenó a la apelante Sánchez Pérez por la violación del Art. 179 del Código Penal, supra, será confirmada.*

El Juez Asociado Señor Negrón García disintió sin opinión escrita.