EL PUEBLO DE PUERTO RICO, apelado, *v.* PETER LORIO ORMSBY y WILDIE SÁNCHEZ PÉREZ, acusados y apelantes.

*Número:* CR-89-34          *Resuelto:* 10 de febrero de 1995

*Carlos Lugo Fiol, Subprocurador General*, y *Ricardo Alegría Pons, Procurador General Auxiliar*, abogados de El Pueblo.

## RESOLUCIÓN

A la anterior moción de reconsideración, *no ha lugar*.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió una

opinión de conformidad en etapa de reconsideración. El Juez Asociado Señor Negrón García emitió una opinión disidente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión de conformidad emitida, en etapa de reconsideración, por el Juez Asociado Señor Rebollo López.

Una lectura, sin más, de la opinión disidente del Juez Asociado Señor Negrón García, emitida en etapa de reconsideración, puede causar que el lector cuestione la corrección jurídica de la opinión que el Tribunal emitiera el pasado 13 de diciembre de 1994 por voz de la Juez Asociada Señora Naveira de Rodón.

No hay duda de que si se toma, *aisladamente y sin más*, el dato que enfatiza el Juez Asociado Señor Negrón García en su ponencia —a los efectos de que los propios apelantes testificaron, durante el juicio celebrado a nivel de instancia, que no eran usuarios de drogas— parece ser correcta la conclusión a la que dicho Juez llega, esto es, que no era necesario que el tribunal de instancia transmitiera al Jurado instrucciones sobre el delito de posesión simple de sustancias controladas. Lo anterior en vista del hecho incuestionable de que dicho delito —plasmado en el Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404— parte de la premisa de que la posesión de la droga es para consumo propio.

*Ahora bien*, el problema que confronta la posición que se sostiene en la opinión disidente *es que el propio Estado fue el que presentó prueba sobre el uso de drogas por el apelante Lorio Ormsby*. De una somera lectura de la exposición narrativa de la prueba, certificada como correcta por

el foro de instancia, surge que el único testigo de cargo que presentó el Ministerio Público sobre la forma y manera en que ocurrieron los hechos que se le imputan a los apelantes —agente David Romero Bonilla— *declaró que el apelante Lorio Ormsby se encontraba públicamente fumando un cigarrillo de marihuana en la playa Texidor de Santa Isabel, Puerto Rico.* Véase Exposición Narrativa de la Prueba, pág. 3; véase, además, *Pueblo v. Lorio Ormsby I,* 137 D.P.R. 722 (1994).

*Pero, aún hay más.* La observación que hace el agente Romero Bonilla —a los efectos de que el apelante mencionado alegadamente se encontraba, a la vista de todos, fumándose un cigarrillo de marihuana— *es precisamente la única razón, o los "motivos fundados", que tuvo dicho agente para intervenir con, registrar y arrestar a ambos apelantes.*

De manera que, independientemente del hecho de que los apelantes declararan que no eran usuarios de drogas —testimonio que, *obviamente,* tenía el propósito de desmentir la versión del agente y desvirtuar la razón para la intervención realizada por éste— *la instrucción sobre el delito menor incluido de posesión de sustancias controladas tenía que ser transmitida por el juez a los señores del Jurado en vista de la propia evidencia que presentara el Estado durante el proceso celebrado a nivel de instancia.* Véase *Pueblo v. Bonilla Ortiz,* 123 D.P.R. 434 (1989).

En fin, la opinión y sentencia del Tribunal, emitida el pasado 13 de diciembre de 1994, *es correcta en derecho.* Es por ello que, entonces, la suscribimos y hoy la ratificamos.

— O —

Opinión disidente emitida, en etapa de reconsideración, por el Juez Asociado Señor Negrón García.

## I

Reafirmamos nuestra discrepancia con la decisión de 13 de diciembre que revocó las convicciones de posesión de sustancia controlada *con intención de distribuirla* (Art. 401(a)(1), 24 L.P.R.A. sec. 2401(a)(1)), y ordenó un nuevo juicio.[1] La conclusión mayoritaria es que el tribunal de instancia debió impartir una instrucción por el delito menor de posesión simple.

Un tribunal sólo viene obligado a brindar instrucciones sobre un delito menor si la prueba lo justifica. *Pueblo v. Bonilla Ortiz*, 123 D.P.R. 434 (1989); *Pueblo v. González Colón*, 110 D.P.R. 812 (1981); *Pueblo v. Prados García*, 99 D.P.R. 384 (1970) *Pueblo v. Gagot Mangual*, 96 D.P.R. 625 (1968); *Pueblo v. Del Valle*, 91 D.P.R. 174 (1964). No procede si no hay base en la prueba, aun cuando la defensa las solicite. *Pueblo v. Corales Irizarry*, 107 D.P.R. 481 (1978); *Pueblo v. Merced Jiménez*, 100 D.P.R. 270 (1971); *Pueblo v. Cabrera Lozada*, 99 D.P.R. 689 (1971).

## II

Tal es la situación de autos. La razón de decidir (*ratio decidendi*) para la mayoría concluir que "era meritorio que el juez impartiera la instrucción al Jurado sobre el delito de posesión de sustancias controladas", descansó en el aserto de que "[l]a cantidad de sustancias controladas ocu-

---

[1] Excepto la convicción de la apelante Wildie Sánchez Pérez por infracción al Art. 179 del Código Penal, 33 L.P.R.A. sec. 4285.

padas a los apelantes no era lo suficientemente grande como para inferir, sin más y con exclusión de otros delitos, la intención de distribuir". *Pueblo v. Lorio Ormsby I*, 137 D.P.R. 722, 728 (1994).

Ello ignora dos (2) hechos incontrovertibles. *Primero*, los testimonios de los propios acusados apelantes Peter Lorio Ormsby y Sánchez Pérez, a los efectos de *que no eran adictos ni usuarios de drogas*. E.N.P., págs. 35 y 40. Y *segundo*, no cabría calificar de ínfimas las cantidades de marihuana y heroína ocupadas. Diez (10) cigarrillos de marihuana y varias envolturas de *decks* de heroína, consistente de .33 gramos. *Cf. Pueblo v. Rosa Burgos*, 103 D.P.R. 478 (1975).

Ante la *admisión* de los propios acusados de que no eran adictos ni usuarios, la única conclusión lógica era que la sustancia controlada ocupada era para distribución, y no para uso personal. Ello, por imperativo, excluía la instrucción sobre posesión para uso. *Cf. Pueblo v. Claudio Serrano*, 102 D.P.R. 726 (1974); *Pueblo v. Cestau Moreno*, 91 D.P.R. 755 (1965).

Debemos reconsiderar y confirmar.