*490 Voto disidente emitido por el
Juez Asociado Señor Estrella Martínez, al cual se unen el Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez.
Hasta tanto se disponga de un método infalible para averiguar sin lugar a dudas dónde está la verdad, su determinación tendrá que ser una cuestión de conciencia. Ese deber de conciencia no para en el fallo del tribunal sentenciador. Nosotros también tenemos derecho a tenerla tranquila.(1)
Por resultar insatisfactoria la prueba presentada por el Ministerio Público para derrotar la presunción de inocencia que cobija al Sr. Alberto De Jesús Mercado (De Jesús Mercado), ejerzo mi deber de disentir como cuestión de conciencia.
Al señor De Jesús Mercado se le imputaron los delitos de alteración a la paz y agresión en su modalidad menos grave.
Durante el juicio, el Ministerio Público presentó el testimonio del agente perjudicado, Sr. Víctor Ortiz Nevares, adscrito a la unidad ciclista del Precinto 166 de Puerta de Tierra. El agente Ortiz Nevárez relató que el día de los hechos se encontraba vigilando las inmediaciones de la Avenida Constitución porque se estaba celebrando una manifestación de los estudiantes de la Universidad de Puerto Rico frente al área del Capitolio. Alrededor de las 5:00 de la tarde, el agente Ortiz Nevárez transitaba en su bicicleta oficial por la referida avenida y divisó la presencia del señor De Jesús Mercado, quien también conducía una bicicleta. El agente Ortiz Nevárez comenzó a vigilar al acu *491 sado; le siguió en su bicicleta porque este es “reconocido”.(2) El agente testificó que el señor De Jesús Mercado le profirió palabras soeces, lo que le alteró la paz.
Con respecto al delito de agresión, el Ministerio Público presentó solamente la declaración del agente Ortiz Neva-res, quien expresó que cuando ambos se desmontaron de las respectivas bicicletas, el señor De Jesús Mercado le lanzó con la suya a los pies. Ello, según este agente, provocó que perdiera el balance y se cayera al suelo, halando al señor De Jesús Mercado por la camisa para también llevarlo al suelo.(3) Sin embargo, del vídeo presentado y admitido como evidencia durante el juicio, surge otra versión de los hechos manifestada por la ciudadana Linnette Rondón minutos después del incidente. La señora Rondón presenció la persecución del señor De Jesús Mercado y ex-plicó lo que vio al fotoperiodista. Esta declaró que “el muchacho [Alberto de Jesús Mercado] estaba por allí [calle San Martín] parado en una bicicleta y el guardia lo detuvo, cuando el guardia lo detuvo él se le escapó y venía en bicicleta y el guardia lo tumbó”. Este testimonio contradice lo relatado por el agente Ortiz Nevárez, quien en ningún momento expresó que el señor De Jesús Mercado se detuvo en la calle San Martín. Sin embargo, el testimonio de esta ciudadana concuerda con lo declarado por el señor De Jesús Mercado al momento de su arresto. Este manifestó que el oficial “me quería dar una pela allá abajo [calle San Martín]”, “viste como se me tiró encima[...] el de la bicicleta”. Ambos testimonios emitidos espontáneamente concuerdan en que hubo algún tipo de intercambio cercano en la calle San Martín entre el acusado y el agente Ortiz Nevárez, y luego este último tumbó al primero. Ello es contrario a la versión del agente Ortiz Nevárez en corte, quien *492 todo el tiempo sostuvo que entre él y el acusado había veinte pies de distanciad.(4)
Por su parte, durante el altercado que consta en vídeo, el agente Ortiz Nevárez declaró como motivo para el arresto que el acusado se le “cagó” en su madre, sin hacer referencia al incidente de la bicicleta ni mencionar que el acusado le lanzara la bicicleta a sus pies. Sin embargo, el Informe de Incidente, redactado por el agente Luis A. Serrano Cabán a base del testimonio del agente Ortiz Nevárez, no identifica los alegados insultos proferidos por el acusado como los causantes del arresto. Este informe simplemente dispone que se arrestó por agredir al agente, sin mencionar la manera de la agresión o la existencia de una bicicleta. Ello demuestra inconsistencia en las versiones esbozadas por el agente Ortiz Nevárez como causa del arresto y la poca credibilidad que merecen sus declaraciones al respecto. Para colmo, el agente Ortiz Nevárez adujo que cuarenta universitarios le lanzaban simultáneamente piedras a su cuerpo, mientras intervenía con el señor De Jesús Mercado. Sin embargo, minutos después estaba ileso brindando declaraciones a la prensa en el vídeo admitido como evidencia, sin que se percibiera visualmente el efecto de tener a cuarenta universitarios lanzándole simultáneamente piedras a su cuerpo.
Lo anterior, sumado al hecho de que el agente Ortiz Nevárez se mantuvo persiguiendo al señor De Jesús Mercado sin razones aparentes, solo porque este es “reconocido”,(5) nos llevan a concluir que las motivaciones del arresto fueron irrazonables, sin causa probable y, por ende, violatorias de las garantías constitucionales que amparan a todo ciudadano.
La evaluación de la prueba es un ejercicio valorativo del juzgador de los hechos sobre la totalidad de la evidencia presentada utilizando el sentido común, la lógica y la ex- *493 periencia para determinar cuál es la versión que debe prevalecer sobre otra. Pueblo v. Colón, Castillo, 140 DPR 564, 578 (1996). En casos donde existan conflictos de prueba, es la función del juzgador de los hechos dirimir la credibilidad que le merece el testimonio que escuchó y presenció. Pueblo v. Bonilla Ortiz, 123 DPR 434, 442 (1989); Pueblo v. Cabán Torres, 117 DPR 645, 653-654 (1986). De igual forma, el hecho de que un testigo se contradiga no conlleva, por sí solo, el rechazo de la totalidad de lo que haya declarado. Pueblo v. Chévere Heredia, 139 DPR 1, 15—16 (1995).
Como norma general, en nuestra función apelativa prevalece la abstención de intervenir con el valor que le mereció la prueba al juzgador de instancia en ausencia de pasión, prejuicio, parcialidad, error manifiesto, o en aquellas circunstancias que la hagan imposible o increíble. Pueblo v. Acevedo Estrada, 150 DPR 84, 99 (2000). Sin embargo, lo anterior no implica que el juicio del juzgador sea infalible. El fundamento consiste en que como cuestión de derecho, la determinación de si se probó la culpabilidad del acusado más allá de duda razonable es revisable en apelación; ello así, pues la apreciación de la prueba desfilada en juicio es un asunto combinado de hecho y derecho. Pueblo v. García Colón I, 182 DPR 129, 174-175 (2011); Pueblo v. Cabán Torres, supra, pág. 655.
La norma jurídica establece que en todo caso penal le corresponde al Estado demostrar la culpabilidad del imputado del delito más allá de duda razonable. Como consecuencia, el Estado debe presentar prueba necesaria para establecer, como mínimo, todos los elementos del delito. Ésta debe ser “suficiente [y] satisfactoria, es decir, [prueba] que produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido”. Pueblo v. Irizarry, 156 DPR 780, 787 (2002). Véanse, también: Pueblo v. García Colón I, supra, págs. 174-175; Pueblo v. Santiago et al., 176 DPR 133, 142—143 (2009); Pueblo v. Colón, Castillo, supra, págs. 581-582. Claro está, no se requiere que el Estado destruya toda duda posible ni pruebe *494 la culpabilidad del acusado con certeza matemática. Véase Pueblo v. Maisonave Rodríguez, 129 DPR 49, 65 (1991). Ahora bien, la duda razonable que opera en el ordenamiento procesal criminal no es una duda especulativa, ni imaginable, ni cualquier duda posible, sino que más bien “es aquella duda fundada que surge como producto del raciocinio de todos los elementos de juicio involucrados en un caso”. Pueblo v. Santiago et al., supra, pág. 142. Véase Pueblo v. Irizarry, supra, pág. 788. Cuando hay insatisfacción con la prueba existe duda razonable.
Con respecto a la prueba presentada en este caso, no cabe duda que el agente Ortiz Nevárez testificó sobre los hechos relacionados con la alegada alteración a la paz. Ello también surgió del vídeo admitido como prueba. Sin embargo, en cuanto al delito de agresión, el agente Ortiz Nevárez limitó su testimonio a indicar que el señor De Jesús Mercado empujó la bicicleta que montaba hacia los pies del agente. El Informe de Incidente, redactado por el agente Luis A. Serrano Cabán, simplemente dispone que se arrestó al señor De Jesús Mercado por agredir al agente sin especificar cómo se llevó a cabo la agresión. Notamos, igualmente, que la situación acontece cuando el agente Ortiz Nevárez identifica al señor De Jesús Mercado y se da a la tarea de seguirlo en la bicicleta únicamente por la razón de quién era. Por otra parte, del referido vídeo resalta el testimonio espontáneo del señor De Jesús Mercado y de una ciudadana. El primero indicó que el agente Ortiz Nevárez se le lanzó encima; la segunda lo corroboró al manifestar que cuando el agente Ortiz Nevárez detuvo al imputado, éste se le escapó y el guardia lo tumbó. Además, el vídeo capta al propio agente Ortiz Nevárez, quien expresó que la razón para intervenir con el imputado fue porque profirió palabras soeces. En ese momento el agente Ortiz Nevárez no dijo que el imputado le hubiera agredido.
Reconozco las limitaciones de la función revisora en este tipo de caso. Sin embargo, ello no implica que, en el afán de ceñirnos a la doctrina de la deferencia, permitamos que prevalezca un fallo condenatorio cuando estamos convenci *495 dos racionalmente de que un análisis integral de la prueba no establece la culpabilidad del acusado más allá de duda razonable. En el caso que nos ocupa, no tengo duda de que el Ministerio Público no probó su caso más allá de duda razonable.
Al analizar la prueba del caso de epígrafe, no debemos obviar que “los criterios que guían la evaluación de la prueba en un juicio son idénticos a aquellos que utilizamos en la vida cotidiana, tales como el comportamiento y el carácter de quienes dan su versión de los hechos, la parcialidad que pueda afectarles, la naturaleza de la declaración y otros”. Pueblo v. Colón, Castillo, supra, pág. 578. A mi juicio, la prueba presentada no es suficiente en derecho para derrotar la presunción de inocencia que cobija al señor De Jesús Mercado. No se trata solamente de la credibilidad que merezca el testimonio del agente Ortiz Nevárez durante el juicio. Esas declaraciones no se pueden descartar arbitrariamente. Sin embargo, y en lo particular del caso ante nos, la poca evidencia recibida por el juzgador de hechos incluye un vídeo el cual tenemos idéntica oportunidad de observar. Este se tomó durante el incidente que dio lugar a las imputaciones contra el señor De Jesús Mercado. Ello nos permite evaluar el comportamiento de los involucrados y sus declaraciones al momento de ocurrir los alegados hechos. Aunque este vídeo no refleja el momento de la alegada agresión, nos permite examinar lo acaecido en el calor de los acontecimientos. En ese instante, el agente Ortiz Nevárez en ningún momento señaló o apuntó que el imputado lo agredió. Solamente indicó que lo detenía ya que éste le alteró la paz mentándole la madre; delito que no está ante nuestra consideración, ya que el Ministerio Público se allanó a la revocación que del fallo condenatorio hizo el Tribunal de Apelaciones. A su vez, del vídeo surge el testimonio de una ciudadana que presenció los eventos. Ésta indica que el agente Ortiz Nevárez inter-vino con el señor De Jesús Mercado y lo tumbó. Dichas expresiones son similares a las que realizó el señor De Jesús Mercado y que se captaron en la referida cinta.
La mayoría de este Tribunal reconoce en su Sentencia *496 las contradicciones del agente. Sin embargo, el análisis de las contradicciones se limitó a su testimonio. En el presente escrito hemos constatado que, de acuerdo con el resto de la evidencia admitida, también existen contradicciones mayores a las reconocidas por la mayoría. La evidencia ilustrativa admitida permite constatar la incomprensibilidad del único testimonio del Ministerio Público y siembra serias dudas relacionadas al descargo de la obligación de probar el caso más allá de duda razonable.
Ante tal situación, no puedo evitar expresar mi insatisfacción con la prueba a base de la cual se pretende derrotar la presunción de inocencia que le cobija al señor De Jesús Mercado. Mucho menos puedo reinstalar un fallo de culpabilidad más allá de duda razonable.
Por lo expuesto, disiento de la sentencia hoy emitida.

 Pueblo v. Carrasquillo Carrasquillo, 102 DPR 545, 551-552 (1974).

 Véase vídeo admitido en evidencia y Apéndice de la Petición de certiorari, pág. 46.

 Véase Apéndice de la Petición de certiorari, pág. 50.

 íd., pág. 49.

 Véase vídeo admitido en evidencia y Apéndice de la Petición de certiorari, pág. 46.